## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

Civil Action No. _____

LISA MARIE HREN FAZZINO,

     *Plaintiff*,

vs.

THE SUPERIOR COURT OF THE
STATE OFCALIFORNIA, SAN
BERNADINO COUNTY, THE
HONORABLE RICHARD V. PEEL,
in his official capacity, JASON
ANDERSON, SAN BERNADINO
COUNTY DISTRICT ATTORNEY,
in his official capacity, ROB BONTA,
ATTORNEY GENERAL FOR THE
STATE OF CALIFORNIA, in his
official capacity;
.

     *Defendants*.

---

### PETITION FOR WRIT OF HABEAS CORPUS

---

_____
MARK S. SMITH (SB 158734)
THE COMMUNITY LAW GROUP, LLC
444 W. Ocean Blvd., Suite 800
Long Beach, CA 90802
Ph: 562-437-3326
Fax: 562-684-4311
thecommunitylawgroup@gmail.com
Attorneys for Petitioner

# TABLE OF CONTENTS

PETITION FOR WRIT OF HABEAS CORPUS ............................................................ 1

TABLE OF CONTENTS ............................................................................................... 2

TABLE OF AUTHORITIES ......................................................................................... 4

TABLE OF EXHIBITS ................................................................................................. 6

JURISDICTION AND VENUE .................................................................................... 8

IDENTIFICATION OF PETITIONER ......................................................................... 8

IDENTIFICATION OF DEFENDANTS ...................................................................... 8

STATEMENT OF FACTS ............................................................................................ 9

ALLEGATIONS OF LAW .......................................................................................... 11

CAUSES OF ACTION ................................................................................................ 12

  First Cause of Action: Violation of the Free Speech Clause of the First Amendment ............. 12

    The Confidential Informant is Likely a Material Witness With Exculpatory Information ... 14

    The Prosecution Misrepresented the Basis of the Warrant ................................................... 15

    The Court Should not have Refused to Disclose the Affidavit in its Entirety ...................... 15

    Good Faith Cannot Save this Search – the Warrant is Objectively Unreasonable & Appears to Have Been a Pretext ............................................................................................................ 17

PRAYER FOR RELIEF ............................................................................................... 19

DECLARATION UNDER PENALTY OF PERJURY ................................................ 20

EXHIBIT A…………………………………………………………………………….21

EXHIBIT B…………………………………………………………………………….25

EXHIBIT C…………………………………………………………………………….30

EXHIBIT D…………………………………………………………………………….41

EXHIBIT E………………………………………………………………………………..52

EXHIBIT F………………………………………………………………………………….61

EXHIBIT G…………………………………………………………………………………74

EXHIBIT H…………………………………………………………………………………78

EXHIBIT I…………………………………………………………………………………...81

EXHIBIT J……………………………………………………………………………….. 94

EXHIBIT K…………………………………………………………………………….... 107

EXHIBIT L……………………………………………………………………………... 110

EXHIBIT M……………………………………………………………………………... 112

EXHIBIT N……………………………………………………………………………... 114

EXHIBIT O……………………………………………………………………………... 118

# TABLE OF AUTHORITIES

**Cases**

(*People v. Camarella* (1991) 54 Cal.3d 592 ............................................................. 18

*Associated Press v. U.S. District court,* 705 F.2d 1143, 1145 (9th Cir. 1983) ............................... 13

*Copley Press, Inc. v. Superior Court,* 228 Cal. App. 3d 77, 84 (1991) ........................................... 13

*Copley Press, Inc.* v. *Superior Court,* 6 Cal. App. 4th, 106, 111 (1992) ........................................ 12

*Copley Press, Inc. v. Superior Court,* 63 Cal. App. 4th 367, 373 (1998) ...................................... 12

*Davis v. Superior Court* (2010) 186 Cal.App.4th 1272 ............................................................. 14

*Franks v. Delaware* (1978) 438 U.S. 154 ............................................................................. 15

*Mapp v. Ohio* (1961) 367 U.S. 643 ................................................................................... 17

*Mary R. v. & R. Corp.,* 149 Cal. App. 3d 308,317 (1983) .......................................................... 13

*NBC Subsidiary (KNBC-TV), Inc. v. Superior Court (Locke)* 20 Cal.4th 1178 , 1212, 86 Cal.Rptr.2d 778; 980 P.2d 337 (1999) ............................................................................................... 12

*People v. Heslington* (2011) 195 Cal.App.4th 947 ........................................................ 13, 16, 17

*People v. Hobbs* (1994) 7 Cal.4th 948 .................................................................. 13, 15, 16, 17

*People v. Lawley* (2002) 27 Cal.4th 102 .............................................................................. 14

*People v. Washington* (2021) 61 Cal.App.5th 776 ................................................................... 16

*People v. Willis* (2002) 28 Cal.4th 22 ................................................................................. 18

*United States* v. *Booklier,* 685 F.2d 1162, 1167 (9th Cir. 1982) ................................................. 13

*United States v. Leon* (1984) 468 U.S. 897 ..................................................................... 17, 18

**Statutes**

CA Penal Code § 192, subdivision c, paragraph 1 ..................................................................... 9

CA Penal Code § 298001 ............................................................................................... 8

CA Penal Code § 30305(a)(1) .......................................................................................... 9

28 U.S.C. § 2251 ..................................................................................................... 7

CA Health & Safety Code § 11370.1, subdivision a ................................................................... 8

CA Health & Safety Code § 11378 ..................................................................................... 9

**Constitutional Provisions**

*U.S. Const., amend. IV* ....................................................................................... 6, 7, 16

*U.S. Const., amend V,* ............................................................................................. 6, 7

*U.S. Const., amend VI,* ............................................................................................ 6, 7

*U.S. Const., amend XIV* .......................................................................................... 6, 16

# TABLE OF EXHIBITS

**Exhibit A:** Warrant, issued February 23, 2022;

**Exhibit B:** Complaint, filed February 25, 2022;

**Exhibit C:** Defendant's Motion to Quash, filed November 28, 2022;

**Exhibit D:** Defendant's Motion to Unseal Warrant Affidavit, filed November 28, 2022;

**Exhibit E:** Defendant's Motion to Disclose Confidential Informant, filed Nov. 28, 2022;

**Exhibit F:** People's Oppositions, filed Feb. 9, 2023;

**Exhibit G:** Minute Order of Proceedings held March 22, 2023;

**Exhibit H:** Declaration of Attorney Mark S. Smith summarizing proceedings;

**Exhibit I:** A true and accurate copy of the police report;

**Exhibit J:** Transcript of Oral Proceedings held March 22, 2023;

**Exhibit K:** California State Court of Appeal Order dated May 9, 2023;

**Exhibit L:** California State Court of Appeal Docket showing entry dated May 22, 2023, allowing petitioner to file with California Supreme Court;

**Exhibit M:** Letter from California Supreme Court denying request for relief dated June 1, 2023;

**Exhibit N:** California Court of Appeal Disposition entry and copy of Order denying relief filed August 16, 2023;

**Exhibit O:** California Supreme Court Disposition showing relief denied on August 30, 2023.

## INTRODUCTION

1.      This is a petition for a writ of habeas corpus to counter the violations of the Petitioner,

LISA MARIE HREN FAZZINO'S rights under the Fourth, Fifth, Sixth, And Fourteenth

Amendments to the United States Constitution. *U.S. Const., amend. IV, V, VI, and XIV.*

2.      Petitioner is a defendant in a pending criminal proceeding in the Superior Court of the

State of California, San Bernadino County, Case No., FWV22000685, and in the custody of the

San Bernadino County Sherriff's Department.

3.      Officer Jose Morales of the Fontana Police Department provided a magistrate with a

boilerplate, check-the-box affidavit and secured a sealed warrant to search Petitioner's home.

4.      Neither the Petitioner nor her counsel ever received the search warrant affidavit. The

affidavit would show the facts necessary for law enforcement to justify the search of the

Defendant's home and her ultimate arrest and prosecution in this case.

5.      When that warrant was challenged, the prosecutor claimed that the subsequent

investigation supported the warrant.

6.      Then, at the in-camera hearing (which lasted all of four minutes), the court concluded

that the police did indeed use a confidential informant, but the informant was immaterial to the

investigation, purportedly agreeing with the prosecutor. There is no figure so round as this

circular logic.

7.      The Court failed to issue the correct orders that would provide Petitioner with a

meaningful record.

8.      Thus, when Petitioner first sought interlocutory review in the appellate court, the said

court indicated that Petitioner had failed to provide necessary records to enable review. But

the Petitioner had filed everything that existed. When Petitioner returned to the appellate court

on a petition for rehearing, the Superior Court finally created the proper orders.

9.      Relief is necessary to remedy the wrongs suffered by the Petitioner. Without this relief, Petitioner cannot meaningfully challenge the warrant itself nor test the witnesses against her, violating her rights to court records, her due process, the right to confront and cross examine a material witness and a fair trial. (*U.S. Const., amend. IV, V, VI, and XIV*)

10.     Review is also necessary to ensure similarly situated defendants as Petitioner, have adequate records when litigating cases in the San Bernardino Superior Court.

## JURISDICTION AND VENUE

11.     This Court is vested with original jurisdiction pursuant to 28 U.S.C. § 2251.

12.     Venue is proper in the United States District Court for the Central District of California under 28 U.S.C. § 1391(b), in that the events giving rise to the claim occurred within the district.

## IDENTIFICATION OF PETITIONER

13.     Petitioner LISA MARIE HREN FAZZINO, is a resident of Fontana, San Bernadino County, California, and the defendant in a pending criminal proceeding in the Superior Court of the State of California, San Bernadino County, Case No., FWV22000685.

## IDENTIFICATION OF DEFENDANTS

14.     Defendant Jason Anderson is the San Bernadino County, California, District Attorney. Defendant Anderson is responsible for enforcing California laws in San Bernadino County, and responsible for the actions taken here as well as any additional prosecution or other action taken against Petitioner in this case.

15.     Defendant Rob Bonta is the Attorney General of California. Defendant Porrino is responsible for enforcing California laws statewide, including the actions taken here.

16.    Defendant Richard J. Peel is a Superior Court Judge in San Bernadino, County, California and is responsible for denying the Petitioner's motions, and denying Petitioner her constitutional rights under the Fourth, Fifth, Sixth and Fourteenth Amendments of the U.S. Constitution.

## STATEMENT OF FACTS

17.    On or about February 22, 2022, Officer Jose Morales of the Fontana Police Department sought a warrant to search Petitioner home located at 9546 Palm Lane, Fontana, California, and its connected premises for firearms and related objects, explosive devices, and objects, "gang-related items," stolen property, as well as personal property which would evidence ownership or residency in the home. (Exhibit A)

18.    The warrant requested both a night search and a *Hobbs* request. **Seven of nine pages** are redacted such that they were not provided whatsoever. (*Id.*)

19.    On February 23, 2022, at 4:21 p.m., Judge Jon Ferguson signed the warrant and granted the special requests.  (*Id.*)

20.    On February 23, 2022, at approximate 8:10 p.m., law enforcement executed the warrant, searched the property, and arrested Petitioner.

21.    On February 25, 2022, the People of the State of California, through the San Bernadino County Office of the District Attorney, filed a four count complaint alleging felony offenses of: (1) possession of a firearm by a felon in violation of § 298001[1], subdivision a, paragraph 1; (2) possession of a controlled substance with a firearm, in violation of Health & Safety Code § 11370.1, subdivision a; (3) the unlawful possession of a controlled substance for sale, in

---

[1] All undesignated statutory references are to the California Penal Code.

violation of Health & Safety Code § 11378; and (4) the unlawful possession of ammunition,
in violation of § 30305(a)(1). (Exhibit B)

22.    The prosecution also alleged a prior felony conviction in violation of § 192, subdivision
c, paragraph 1, vehicular manslaughter. (*Id.*)

23.    On November 28, 2022, Petitioner, by and through counsel, filed three related motions:

    A.  a motion to quash and/or traverse the warrant (Exhibit C),

    B.  a motion to unseal the warrant itself, (Exhibit D) and

    C.  a motion to disclose any confidential informant involved. (Exhibit E)

24.    On February 9, 2023, the prosecution filed briefing opposing the motion to
quash/traverse the warrant and the motion to disclose the identity of the confidential informant
but did not file an opposition to the motion to unseal the warrant. (Exhibit F)

25.    On March 22, 2023, the motion was heard by Judge Richard V. Peel in Department
R15. The court conducted a **4 minute in-camera hearing** and denied all four motions. (See
Exhibits G, H, I, J)

26.    The informant was not present, as far as the Petitioner knows.

27.    The judge's reasoning was for denying the motion was that although there was a
confidential informant, information from the informant was immaterial to the case. (Exhibit
G)

28.    On April 21, 2023, Petitioner filed a writ of mandate and/or prohibition to review the
trial court's decision in the California Court of Appeal.

29.    Initial documents were rejected due to pagination and bookmarking issues.

30.    On May 9, 2023, the appellate court denied review without prejudice on the ground
that the Petitioner lacked an adequate record. (Exhibit K)

31.    The court indicated that "Review of the sealed affidavit and sealed transcript of the in-camera proceedings is necessary for meaningful appeal review of the warrant. (*Ibid*. [citations omitted].)

32.    On May 19, 2023, Petitioner sought rehearing to explain that the court did indeed have the entire record as it existed at that time.

33.    On May 22, 2023, the filing was rejected for lack of jurisdiction and directed that Petitioner may file with the California Supreme Court. (Exhibit L)

34.    On May 30, 2023, Petitioner filed a Motion for relief from default to file untimely petition for review. On June 1, 2023, the California Supreme Court denied the application, citing rule 8.60(d). (Exhibit M)

35.    On July 28, 2023, Petitioner re-filed a writ of mandate and/or prohibition to review the trial court's decision in the California Court of Appeals, partially relying on the fact that the prior decisions of the Court of Appeal and California Supreme Court were denied summarily without a hearing or reaching the merits of the application.

36.    On August 16, 2023, the California Court of Appeal denied the petition without a hearing, and without explanation. (Exhibit N)

37.    The Petitioner appealed the decision of the California Court of Appeals to the California Supreme Court, who again, summarily denied the petition without a hearing on August 30, 2023. (Exhibit O)

## ALLEGATIONS OF LAW

38.    All the acts of Defendants, their officers, agents, employees, and servants were executed and are continuing to be executed by Defendants under the color and pretense of the policy, statutes, ordinances, regulations, customs, and usages of the State of California.

39.    Petitioner is suffering irreparable harm from the conduct of Defendants.

40.    Plaintiff has fully exhausted his state remedies and no adequate or speedy remedy at law to correct or redress the deprivation of her rights by Defendants.

41.    Unless relief is granted, Plaintiff will continue to suffer irreparable injury.

## CAUSES OF ACTION

### First Cause of Action: Violation of the Free Speech Clause of the First Amendment

42.    Plaintiff realleges all matters set forth in paragraphs 1 through 41 and incorporates them herein.

43.    In denying a filed motion to unseal an affidavit / quash / traverse a warrant, the San Bernadino Superior court held that although there was an informant, the informant was immaterial to the warrant.

44.    After an in-camera hearing, the court refused to disclose any information to the defense, upheld the warrant, and continued the matter for further prosecution.

45.    However, the portions of the warrant that are available to the Petitioner fail to provide *any* probable cause.

46.    Although there is no specific statutory requirement for access to court documents, both the federal ... and the state ... Constitutions provide broad rights of access to judicial records in criminal and civil cases." *Copley Press, Inc. v. Superior Court,* 63 Cal. App. 4th 367, 373 (1998) ("Copley press III"); *Copley Press, Inc.* v. *Superior Court,* 6 Cal. App. 4th, 106, 111 (1992) ("Copley Press II"). The California Supreme Court has recently emphasized that the right of access is of constitutional dimension. *NBC Subsidiary (KNBC-TV), Inc. v. Superior Court (Locke)* 20 Cal.4th 1178 , 1212, 86 Cal.Rptr.2d 778; 980 P.2d 337 (1999) Both California and federal authorities place a heavy burden on the party seeking nondisclosure to justify any such

interference with the public's first amendment rights--denial of access must be "strictly and inescapably necessary" to protect a compelling government interest. *Associated Press v. U.S. District court,* 705 F.2d 1143, 1145 (9th Cir. 1983), quoting *United States* v. *Booklier,* 685 F.2d 1162, 1167 (9th Cir. 1982) (emphasis added). *See also Copley Press, Inc. v. Superior Court,* 228 Cal. App. 3d 77, 84 (1991) (Copley Press I") (any order restricting access to court records must be "based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest."); *Mary R. v. & R. Corp.,* 149 Cal. App. 3d 308,317 (1983) ("Since court records are public records, the burden rests on the party seeking to deny public access to those records to establish compelling reasons why and to what extent these records should be made private.").

47.   The Superior Court, in reaching its decision to deny Plaintiff access to the affidavit, apparently relied on the police report describing the execution of the warrant as the probable cause for the warrant itself. Second, it reached an illogical result: It has a sealed warrant, agrees there is a confidential informant that may need protection, but the informant is immaterial, and thus the court refused to disclose the affidavit.

48.   However, the disclosed portions of the warrant itself reveal nothing to support probable cause. So, the question is, if the confidential informant is immaterial to the warrant, what else is in the affidavit that was material? The superior court's holding defies logic and violates Petitioner's Constitutional rights.

49.   This court must issue a declaratory judgement or alternatively injunctive relief directing the lower court to disclose the warrant affidavit in whole or in part, or grant the motion resulting in suppression of evidence. *People v. Hobbs* (1994) 7 Cal.4th 948; *People v. Heslington* (2011) 195 Cal.App.4th 947, 957.

### *The Confidential Informant is Likely a Material Witness*
### *With Exculpatory Information.*

50.    Contraband was discovered in Petitioner's home. She affirms knowledge of the drug-related paraphernalia and denies ownership of the firearm.

51.    According to the police report, officers were investigating Petitioner for drug-related charges.  However, the warrant *was not* for drugs.

52.    Rather, the warrant was for the following: firearms and related items; gang-related items; explosive devices and related items, including grenades; and indicia of home ownership or possession.

53.    Other than that, Petitioner was provided nothing about this warrant or the probable cause statement.

54.    Several conclusions can be inferred, however, including:

        a.    There is an "immaterial" confidential informant who provided information about firearm possession.

        b.    It does not appear that the same informant provided information about drug sales.

55.    Based on these facts, it appears the confidential informant must be someone with personal knowledge that Petitioner possessed a gun and/or a grenade.

56.    Because Petitioner denies that fact, the confidential informant's testimony would be critical on this issue. (See *People v. Lawley* (2002) 27 Cal.4th 102, 159-160.)

57.    While the law does not require automatic disclosure, something more than a 4-minute hearing is necessary. (See *Davis v. Superior Court* (2010) 186 Cal.App.4th 1272, 1278 [granting writ of mandate and ordering court to conduct adequate in-camera hearing].)

58.    The questions of possession and ownership of firearms and ammunition are the most

critical question in the defense of all four counts and whatever this informant has to say is relevant on those issues.

### *The Prosecution Misrepresented the Basis of the Warrant*

59.    The Prosecutor's briefing in the Superior Court claimed that "Officer Morales' report laid out in detail the probable cause for obtained a search warrant for the Defendant's [home]." However, Officer Morales' report was written ***after the search warrant*** issued. Thus, facially, it cannot be the basis of the warrant. Additionally, the report contains no specific and articulable facts regarding criminal activity prior to execution of the warrant. The report merely details the execution of the warrant.

60.    Moreover, the prosecution argued that Petitioner failed to meet the burden of proof necessary to bring a motion to traverse because Petitioner "failed to make a preliminary showing of any false statement. The police reports and search warrant are riddled with evidence in support of probable cause for the search warrant." (Exhibit. F.)

61.    But again, this report was written ***after*** the warrant and summarizes observations made and evidence obtained ***after*** its issuance.

62.    Unless Officer Morales has a time machine, which seems highly improbable, there is no way these police reports were what was provided to the magistrate in seeking a warrant.

### *The Court Should not have Refused to Disclose*
### *the Affidavit in its Entirety*

63.    For the Petitioner to have prevailed on a motion traverse, the court was required to determine that (1) the affidavit included a false statement made knowingly and intentionally, or with reckless disregard for the truth, and (2) the allegedly false statement is necessary to the finding of probable cause. (*Franks v. Delaware* (1978) 438 U.S. 154, 155-156; *Hobbs, supra,* at 974.) Whereas a motion to quash asserts that the warrant lacks probable cause on its face.

(§ 1538.5.) Here, the ***entire affidavit is sealed***. All the defense has is the warrant itself. And the warrant does not contain any specific and articulable facts that would allow the court to test the warrant in a pretrial motion.

64.    In this circumstance, the Superior Court was supposed to engage in a two-step procedure to determine whether further disclosure was necessary. In the first step, the court was supposed to determine if the affidavit was properly sealed. That is, whether valid grounds exist for maintaining the informant's identity and whether the extent of the current seal is justified and necessary. (*Hobbs, supra,* at 972; see also, *People v. Heslington* (2011) 195 Cal.App.4th 947, 957.)

65.    Where a portion can be made public, the court should order the additional disclosure subject to justified and necessary redactions. (*Hobbs, supra,* at 972, fn. 7.)

66.    If there is no longer a reason to protect the informant's identity, the court should order complete release of the information. (*People v. Washington* (2021) 61 Cal.App.5th 776, 794.)

67.    Because the defense is ignorant of critical portions of the affidavit, the California Superior Court was required "take it upon itself both to examine the affidavit for possible inconsistencies or insufficiencies regarding the showing of probable cause, and inform the prosecution of the materials or witnesses it requires." (*Hobbs, supra,* at 973; *Heslington, supra,* at 956.) In engaging in this analysis, a court ***must*** consider whether the defendant's "access to the essence of the affidavit is curtailed," so as to impair the defendant's ability to raise a prior trial challenge to the warrant. (*Heslington, supra,* at 958 [citing *Hobbs*].)

68.    If the additional information is irrelevant to the motion, then the disclosure is not required and there is no need to move to the second step of *Hobbs*. The second step of *Hobbs* requires a court to either: (1) reveal some of the sealed affidavit, (2) reveal the affidavit in

entirety, or (3) decide if any material still sealed is essential to a pretrial motion testing the warrant. At this second step, the court turns to the still-sealed portions of the affidavit to ask whether "there is a reasonable probability the defendant would prevail" on a motion to suppress / quash / traverse, using the appropriate standard for the instant motion. (*Hobbs, supra,* 974-975.) If there is a reasonable probability that the defendant will prevail on the motion, the prosecution must either consent to full disclosure or, if it refuses to do so, the court must grant the motion. (*Heslington, supra,* at 957, 959.)

69.    Here, the Superior Court revealed nothing, but in its decision, also said the sealed information was immaterial to the issuance of the warrant.

70.    The Superior Court's decision is a circular fallacy where all of the following must be true:

        c.     The entire affidavit must be sealed to protect the informant;

        d.     The informant is immaterial to the case;

        e.     Thus, there is nothing to disclose.

### *Good Faith Cannot Save this Search – the Warrant is Objectively Unreasonable & Appears to Have Been a Pretext*

71.    Under the exclusionary rule, evidence obtained in violation of the Fourth Amendment is inadmissible. (*Mapp v. Ohio* (1961) 367 U.S. 643, 655- 656; U.S. Const., amends. IV, XIV.)

72.    In *United States v. Leon*, the United States Supreme Court limited the exclusionary rule to permit "evidence obtained by officers acting in reasonable reliance on a search warrant issued by a detached and neutral magistrate but ultimately found to be unsupported by probable cause." (*United States v. Leon* (1984) 468 U.S. 897, 900.) This exception does not apply in all

"cases where an officer has obtained a warrant and abided by its terms" and in some circumstances, even a search pursuant to a warrant will require suppression. (*Id*. at p. 922.)

73.    For instance, the exclusionary rule will still apply where (1) "the magistrate abandoned his detached and neutral role," or (2) where "officers were dishonest or reckless in preparing their affidavit." (*Id.* at 926.) Or (3) where a search warrant affidavit is "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." (*Id.* at 923.) Under such circumstances, objective good faith does not exist. (*Ibid*.)

74.    The fact that a magistrate found probable cause and issued the warrant "is of no significance" in determining whether the officer acted in good faith. (*People v. Camarella* (1991) 54 Cal.3d 592, 605.) And the government has the burden to prove facts warranting application of the good faith exception. (*People v. Willis* (2002) 28 Cal.4th 22, 37.)

75.    In this case, the warrant is completely sealed. This is objectively and patently unreasonable. Application of the good faith exception in this case would swallow the rule whole, allowing police to entirely seal affidavits as a matter of course, violating a defendant's rights to due process and privacy in complete secrecy.

76.    Thus, where the Defendants continue to deny Petitioner access to critical information required to her by the First, Fourth, Fifth, Sixth, and Fourteenth Amendments, the facts as described where the entire basis for the criminal proceeding is based on an affidavit from an immaterial witness, and yet shrouded in complete secrecy, the Defendants are acting in bad faith in prosecuting Petitioner.

77.    The Petitioner has exhausted all possible state remedies in this case, and the California Court of Appeal and the California Supreme Court, both refused to hear the merits of

Petitioner's challenges, leaving her with no other avenue except to Petition this court for the relief requested herein.

WHEREFORE, Petitioner respectfully prays that the Court grant the equitable and legal relief set forth hereinafter in the Prayer for Relief.

## PRAYER FOR RELIEF

A.  The Court enter an injunction directing the Defendants to refrain from continuing to violate the Petitioner's rights and to disclose the informant and to produce the sealed records held by the Defendants and allow appropriate time to do so, up to and including four weeks;

B.  That this Court retain jurisdiction of this matter for the purpose of enforcing any Orders;

C.  That this Court grants such other and further relief as the Court deems equitable, just, and proper in the circumstances.

Respectfully submitted this 27th day of December 2023.

Attorneys for Petitioner:

_____

MARK S. SMITH (SB 158734)
THE COMMUNITY LAW GROUP, LLC
444 W. Ocean Blvd., Suite 800
Long Beach, CA 90802
Ph: 562-437-3326
Fax: 562-684-4311
thecommunitylawgroup@gmail.com
Attorneys for Petitione

**DECLARATION UNDER PENALTY OF PERJURY**

I, LISA MARIE HREN FAZZINO, a citizen of the United States and a resident of the State of California, hereby declare under penalty of perjury pursuant to 28 U.S.C. §1746 that the foregoing is true and correct to the best of my knowledge.

Executed this ____27th____ day of  December, 2023, at Fontana, California.

_____
LISA MARIE HREN FAZZINO

# Exhibit A

WARRANT #_____

**SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO**

# SEARCH WARRANT

**AFFIDAVIT**

Inv. /Off. Morales declares under penalty of perjury of the laws of the State of California that the facts expressed by he in this Search Warrant and Affidavit and the attached and incorporated Statement of Probable Cause are true and that based thereon, he has probable cause to believe and does believe that the property and/or person described below is lawfully seizable pursuant to Penal Code Section 1524, as indicated below, and is now located at the locations set forth below. Wherefore, affiant requests that her Search Warrant be issued.

_____
(Signature of Affiant)

**NIGHT SEARCH REQUESTED YES [X] NO [ ]
HOBBS REQUEST YES [X] NO [ ]**

## SEARCH WARRANT

**THE PEOPLE OF THE STATE OF CALIFORNIA:** To any Sheriff, Constable, Marshal or Police Officer in the County of San Bernardino: proof, by affidavit, having been made this day to me by Jose Morales,

**THAT THERE IS PROBABLE CAUSE FOR BELIEVING** that the property and/or person described herein may be foun.. a. the location set forth herein and that it is lawfully seizable pursuant to Penal Code Section 1524 as indicated below by an "X" in that it:

___ is stolen or embezzled property;
_X_ was used as the means of committing a felony;
_X_ is property possessed (or being concealed by another) with intent to commit a public offense;
_X_ is property tending to show that a felony was committed or a particular person has committed a felony;

Warrant ID: 000080396

**YOU ARE THEREFORE COMMANDED TO SEARCH:**    WARRANT #_____

## 9546 Palm Ln. Fontana CA 92335

The premises located at 9546 Palm Ln., Fontana CA, County of San Bernardino, State of California. The location is further described as a single-story family residence with tan stucco, tan trim, and black roof. The front door faces south and the numbers "9546" are posted in black to the front of the residence. The residence is surrounded by a chain-link fence. The premises includes a second structure to the rear of the main residence. The structure appears to be a back-house with tan stucco, tan trim and black roof as well. The front door has a brown security screen and faces north.

And all rooms, attics, basements and other parts therein, and the surrounding grounds and any garages, storerooms and outbuildings of any kind located thereon.

And all persons present during the service of the search warrant, their vehicles in which they are in control of, as well as, all incoming phone calls into the residence relating to illegal narcotic/firearm activities.

### Person(s)

Lisa Fazzino, DOB 10/24/1970, 5-09, 200 pounds, blonde hair, green eyes. CDL U6074505.

### Vehicle(s)

Vehicles described as follows: Any vehicles and persons located within the property or on the property.

**FOR THE FOLLOWING PROPERTY:** Rifles, shotguns, semi-automatic weapons, assault rifles, machine guns, revolvers, semi-automatic handguns, machine pistols and any ammunition, holsters, carrying cases, accessories, clips and magazines for the above listed items. Any and all improvised explosive devices, including but not limited to grenades. Any and all items gang related along with items to show knowledge of gang membership. Any and all items, along with stolen items, taken during the commission of the crimes listed.

And articles of personal property tending to establish the identity of persons in control of premises, vehicles, storage areas and containers being searched, consisting of, but not limited to, utility company receipts, rent receipts, addressed envelopes and keys and to SEIZE it if found and bring it forthwith before me, or this court, at the courthouse of this court.

Given under my hand and date this __22nd__ day of February 2022 at        AM/PM.

_____    Judge of the Superior Court.
(SIGNATURE OF MAGISTRATE)

Warrant ID: 000080396

Page 2 of 9

**WARRANT NOTES**

(No Notes)

County of San Bernardino.

The people of the State of California to any peace officer in the County of San Bernardino:

Proof, by affidavit, having been this day made before me by telephone by the officer whose signature is affixed to the affidavit, that there is probable cause for believing that evidence tending to show that a felony (or felonies) has or have been committed, you are therefore commanded to make search on the person and/or property set forth in the description page and/or affidavit, which is incorporated by reference herein; and, in the case of a thing or things or personal property, if you find the same or any part thereof, to bring the thing or things or personal property forthwith before me at the courthouse of this Court.

Given under my hand, and issued at 16:21 on this 23rd day of February, 2022

Hobbs Sealing Approved:  **YES**          Night Service Approved:   **YES**

Judge Jon  Ferguson

**Warrant ID: 000080396**

**END OF WARRANT**

# Exhibit B

DDA
Dominique Cotlry for PRELIM
DDA - N. KAOSHAL (9) 989.0056

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO
RANCHO CUCAMONGA DISTRICT

ELECTRONICALLY FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
02/25/2022

THE PEOPLE OF THE STATE OF CALIFORNIA,     )
                                            )
                              Plaintiff     )     BY:     Garza, Amy
                                            )             DEPUTY CLERK
                                            )
                                            )
                    vs.                     )
                                            )     FELONY COMPLAINT
Lisa Marie Hren                             )
aka Lisa Marie Fazzino-Hren                 )     COURT CASE NUMBER: FWV22000685
aka Lisa Marie Fazzino                      )     DA CASE NO 2022-00-0017674
aka Lisa Fazzino                            )
                                            )
                                            )
                                            )
                              Defendant     )
                                            )
                                            )

The undersigned is informed and believes that:

COUNT 1

On or about February 23, 2022, in the above-named judicial district, the crime of POSSESSION OF FIREARM BY A FELON, in violation of PENAL CODE SECTION 29800(a)(1), a felony, was committed by Lisa Marie Hren, who did unlawfully own, purchase, receive, possess, and have custody and control of a firearm, to wit, Handgun, the said defendant(s) having been convicted of a felony under the laws of the United States, the state of California and any other state, government and county:

| Court Case | Code/Statute | Conv Date | County | State | Court Type |
|---|---|---|---|---|---|
| FSB1503444 | PC192(c)(1) | 2018-09-12 | San Bernardino | CA | Superior |

*****
COUNT 2

On or about February 23, 2022, in the above-named judicial district, the crime of POSSESSION OF A CONTROLLED SUBSTANCE WITH FIREARM, in violation of HEALTH AND SAFETY CODE SECTION 11370.1(a), a felony, was committed by Lisa Marie Hren, who did unlawfully possess Methamphetamine while armed with a loaded, operable firearm, to wit: Handgun.

Complaint    DA CASE NO: 2022-00-0017674          Page 1

\*\*\*\*\*
### COUNT 3

On or about February 23, 2022, in the above-named judicial district, the crime of POSSESSION FOR SALE OF A CONTROLLED SUBSTANCE, in violation of HEALTH AND SAFETY CODE SECTION 11378, a felony, was committed by Lisa Marie Hren, who did unlawfully possess for purpose of sale a controlled substance, to wit, Methamphetamine.

\*\*\*\*\*
### COUNT 4

On or about February 23, 2022, in the above-named judicial district, the crime of UNLAWFUL POSSESSION OF AMMUNITION, in violation of PENAL CODE SECTION 30305(a)(1), a felony, was committed by Lisa Marie Hren, who did own, possess, and have under her control ammunition and reloaded ammunition. It is further alleged that the defendant is prohibited from owning and possessing a firearm pursuant to Chapter 2 and 3 of Division 9 of the Penal Code and sections 8100 and 8103 of the Welfare and Institutions Code, having been previously convicted of the following offense(s):

| Court Case | Code/Statute | Conv Date | County | State | Court Type |
|---|---|---|---|---|---|
| FSB1503444 | PC192(c)(1) | 2018-09-12 | San Bernardino | CA | Superior |

\*\*\*\*\*


\*\*\*\*\*

It is further alleged pursuant to Penal Code sections 1170.12(a) through (d) and 667(b) through (i) as to count(s) 1, 2, 3, 4 that said Lisa Marie Hren, has suffered the following prior conviction of a serious or violent felony or juvenile adjudication:

| Court Case | Code/Statute | Conv Date | County | State | Court Type |
|---|---|---|---|---|---|
| FSB1503444 | PC192(c)(1) | 2018-09-12 | San Bernardino | CA | Superior |

\*    \*    \*    \*    \*

Complaint    DA CASE NO: 2022-00-0017674                    Page 2

It is further alleged as to each count, pursuant to Penal Code section 1170, subdivision (b)(2), that the following circumstances may apply in this case:

1. The crime involved great violence, great bodily harm, threat of great bodily harm, or other acts disclosing a high degree of cruelty, viciousness, or callousness;
2. The defendant was armed with or used a weapon at the time of the commission of the crime;
3. The manner in which the crime was carried out indicates planning, sophistication, or professionalism;
4. The crime involved an attempted or actual taking or damage of great monetary value;
5. The crime involved a large quantity of contraband;
6. The defendant has engaged in violent conduct that indicates a serious danger to society;
7. The defendant's prior convictions as an adult or sustained petitions in juvenile delinquency proceedings are numerous or of increasing seriousness;
8. The defendant has served a prior term in prison or county jail under section 1170(h);
9. The defendant was on probation, mandatory supervision, postrelease community supervision, or parole when the crime was committed; and
10. The defendant's prior performance on probation, mandatory supervision, postrelease community supervision, or parole was unsatisfactory; and
11. And any other aggravating factors that may be permitted by law.

*   *   *   *   *

NOTICE TO DEFENDANT AND DEFENDANT'S ATTORNEY
Pursuant to Penal Code Sections 1054.5.(b), the People are hereby informally requesting that defense counsel provide discovery to the People as required by Penal Code Section 1054.3.

NOTICE TO ATTORNEY
The materials accompanying this notice may include information about witnesses. If so, these materials are disclosed to you pursuant to Penal Code section 1054.2 which provides: "No attorney may disclose or permit to be disclosed to a defendant the address or telephone number of a victim or witness whose name is disclosed to the attorney pursuant to subdivision (a) of Section 1054.1 unless specifically permitted to do so by the court after a hearing and a showing of good cause."

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT AND THAT THIS COMPLAINT CONSISTS OF 4 COUNT(S).

Executed at Rancho Cucamonga, California, on February 25, 2022

E. Mack
E. Mack
DECLARANT AND COMPLAINANT

Agency: Fontana Police Department          Prelim Est.

| Defendant | Birth Date | Booking No | Cii No. | NCIC |
|-----------|-----------|-----------|---------|------|
| Lisa Marie Hren | 1970-10-24 | 2202341998 | A23339127 | |

Complaint    DA CASE NO: 2022-00-0017674          Page 4

# Exhibit C

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
RANCHO CUCAMONGA DISTRICT

NOV 2 8 2022

BY: _____
JONTE WASHINGTON, DEPUTY

1 | Mark Stephen Smith (SBN: 158734)
**THE COMMUNITY LAW GROUP, LLC**
2 | 444 West Ocean Boulevard, Suite 800
Long Beach, CA 90802
3 | Telephone: (562) 437-3326
Facsimile: (562) 684-4311
4 |
Attorneys for Defendant
5 | Lisa Hren (Fazzino)

6 |

7 |

8 | **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9 | **COUNTY OF SAN BERNARDINO**

10 |

11 | THE PEOPLE OF THE STATE OF
CALIFORNIA,

12 |         Plaintiff,

13 |     v.

14 | LISA MARIE HREN (FAZZINO),

15 |         Defendant.

16 |

17 |

| | |
|---|---|
| Case No. FWV22000685 _____ | |

**MOTION TO SURPRESS EVIDENCE, QUASH/TRAVERSE SEARCH WARRANT (P.C. 1538.5); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

Date: ~~November 28, 2022~~ 1/4 2023
Time: 8:30 a.m.
Dept.: R15
Judge: Hon. Richard V. Peel

DEFENDANT'S MOTION TO SUPRESS EVIDENCE, QUASH and TRAVERSE SEARCH WARRANT

1  TO COURT, THE DISTRICT ATTORNEY FOR THE COURTY OF SAN

2  BERNARDINO, HIS AGENTS AND ASSIGNS;  1/4/2022

3       PLEASE TAKE NOTICE that on ~~November 28, 2022~~, at 8:30 .m. or as soon thereafter as

4  the matter may be heard, in the courtroom of the Honorable Richard V. Peel, Department R15 of

5  the San Bernardino County Superior Court, located at the above-entitled court, Defendant Lisa

6  Fizzano will move for an order to quash the search warrant authorized on February 28, 2022, for

7  the property located at 9546 Palm Lane, Fontana, California 92335, and suppress all evidence and

8  restore to the Defendant all property seized under or during the execution of the warrant.

9

10  DATED:  November 26, 2022                    Respectfully submitted,

11                                              THE COMMUNITY LAW GROUP

12

13                                              By: _____

14                                                  Mark Stephen Smith
                                                    Attorney for Defendant Lisa Hren (Fazzino)
15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                       -38-

                                        2

MOTION TO SUPPRESS EVIDENCE, QUASH and TRAVERSE SEARCH WARRANT

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    STATEMENT OF FACTS

### A.    SUMMARY OF THE FACTS RELEVANT TO THIS MOTION

On February 27, 2022, a Search Warrant authored by Investigator Off. Morales. No Affidavit of Probable Cause was attached to the Search Warrant provided to the Defendant's attorney through discovery.

Fontana Police Department Rapid Response Team officers had been conducting an ongoing narcotics and firearms-related investigation on Defendant Lisa Fazzino. Defendant was reportedly selling methamphetamine and in possession of a firearm. Defendant's residence was identified at 9546 Palm Lane in the city of Fontana and a search warrant was authored. The search warrant was signed/approved by Honorable Judge J. Ferguson of the San Bernardino County Superior Court. Officers served the warrant at Defendant's residence and entry tools were used to enter the residence. Defendant and additional residents were found inside the home and were detained without incident. A search of Defendant's residence allegedly recovered approximately 3.5 pounds of suspected methamphetamine and a 9mm Glock "ghost pistol" with a seated magazine in the pistol. Two functional digital scales and a box of Ziplock bags/packaging were also located in a bedroom. Defendant was read her Miranda rights and stated she understood the admonishment. Defendant stated that she sold methamphetamine to feed her addiction. Defendant stated that all of the narcotics belonged to her and she made approximately ($100) in profit a week. Defendant refused to admit that the firearm was hers but stated it was no one else's in the residence. Defendant was identified via her California ID card.

To date, the Defendant has received no document which justified the issuance of a Search Warrant on the Defendant's home. Without an affidavit justifying probable cause for the issuance of a Search Warrant, search of the Defendant's home and any fruits therefrom the warrant should quashed/traversed and all fruits therefrom be deemed fruit of the poisonous tree.

///

///

DEFENDANT'S MOTION TO SUPRESS EVIDENCE, QUASH and TRAVERSE SEARCH WARRANT

## II.  ARGUMENT

### A.  DEFENDANT HAS A RIGHT TO MOVE TO QUASH THE WARRANT

A Defendant may move to quash and traverse a search warrant and to suppress the evidence obtained on the grounds that the search and seizure was unreasonable because there was a lack of probable cause to have said warrant.

For a Magistrate to have a substantial basis for concluding that an affidavit established probable cause, "the fact must be sufficient to justify a conclusion that that the property which is the object of the search is probably on the premises to be searched at the time the warrant was issued." (*United States v. Greany*, (1991) 929 F.2d 523, 524-525, *citing United States v. Hendricks*, (1984) 743 F.2d 653,654). Although incapable of precise definition, the Supreme Court gave guidance for determining what quantum of proof amounts to probable cause in *Illinois v. Gates*, (1983) 426 U.S. 213, 235: "[I]t is clear that only the probability, and not a prima facie showing, of criminal activity is the standard of probable cause." (*Citing Spinelli v. United States*, (1969) 393 U.S. 410, 419). In addition, "Probable cause sufficient to support a warrant exists where 'the known facts and circumstances are sufficient to warrant a man of reasonable prudence in the belief that contraband or evidence of a crime will be found." (*United States v. Olson*, 40 F.1d 366. 370. citing Ornelas v. United States (1996) 517 U.S. 690, 696.

In *Sibron v. New York* (1968) 392 U.S. 40, 62-63, the Supreme Court held that the fact that a bartender at a tavern in Ybarra had been selling heroin in the bar did not give probable cause to believe that the defendant, a patron at the bar, would possess heroin. The Court stated "Where the standard is probable cause, a search or seizure of a person must be supported by probable cause particularized with respect to that person. This requirement cannot be undercut or avoided by simply pointing to the fact that coincidentally there exists probable cause to search or seize another or to search the premises where the person may happen to be." (Id. At 63). Here, probable cause points to Ms. Murguia - she was angry at the victims, she had guns on her property, she told them to stay away from her property after the victims stole drugs and weapons from her, she slandered the victim's mother and had a falling out with the family. Just because Ms. Murguia lives next door to Mr. Clark and drives across his property to access her own does not support an

4

SUPPRESS EVIDENCE, QUASH and TRAVERSE SEARCH WARRANT

1  assertion that Mr. Clark was involved in criminal activity. As in Ybarra, the chain of inferences is

2  so attenuated as to have been insufficient to warrant a man of reasonable prudence in the belief

3  that contraband or evidence of a crime would be found.

4  **III.     INSUFFICIENCY OF THE WARRANT**

5          A reviewing Court assesses the totality of circumstances under which a warrant issued and

6  invalidates the warrant when those circumstances fail to establish probable cause (*Illinois v. Gates*,

7  (1983) 462 U.S. 213; *Massachusetts v. Upton*, (1984) 466 U.S. 727). Mere suspicion, common

8  rumor, or even strong reason to suspect are not enough to establish probable cause

9          (*Henry v. United States*, (1959) 361 U.S. 98, 101). "Sufficient information must be

10  presented must be presented to the magistrate to allow that official to determine probable cause;

11  his action cannot be a mere ratification of the bare conclusions of others." (*Illinois v. Gates, supra*,

12  462).

13          In *Hughston*, the defendant was selling illegal drugs from inside a vehicle parked in a tent

14  structure he'd built in the parking lot at a Mendocino County music festival. An undercover officer

15  observed the defendant make two hand-to-hand sales of what he suspected, based on his training

16  and experience, were narcotics. The officer arrested the defendant, and then located the vehicle

17  covered by a tarp structure. The officer entered the tarp structure and then the vehicle, where he

18  found narcotics. The Court suppressed the evidence as an illegal search of the tarp structure and

19  vehicle. It was not enough that there was probable cause to search the vehicle. Instead, to justify

20  application of the inevitable discovery exception, law enforcement must demonstrate by a

21  preponderance of the evidence that, due to "a separate line of investigation, application of routine

22  police procedures, or some other circumstance," the evidence would have been discovered by

23  lawful means. *Id.* The showing must be based not on speculation but on "demonstrated historical

24  facts capable of ready verification or impeachment." (*Hughston, supra.* 168 Cal.App.4th at 1072,

25  citing *Nix v. Williams*, ( 1998) 467 U.S. 431, 444-445, fn 5). The people have provided no

26  evidence that Mr. Clark's property would have been the subject of search if not for the

27  accompanying information regarding Ms. Murguia. There was no independent line of

28  investigation, routine police procedure, or other circumstance that would have led them to Mr.

1  Clark.

2  **IV.    CONCLUSION**

3       For all of the foregoing reasons, the defense requests that this Court find that there was

4  insufficient probable cause to issue a search warrant of the defendant's home in this case and that

5  this motion should be granted, the search warrant quashed, and all evidence seized under the

6  authority of that warrant be suppressed.

7

8

9  DATED: November 26, 2022                Respectfully submitted,

10                                          THE COMMUNITY LAW GROUP

11

12                                          By:

13                                              Mark Stephen Smith
                                                Attorney for Defendant Lisa Hren (Fazzino)

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6
··· EVIDENCE QUASH and TRAVERSE SEARCH WARRANT

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF SAN BERNARDINO**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 444 West Ocean Boulevard, Suite 800, Long Beach, CA 90802.

On November 26, 2022, I served true copies of the following document(s) described as **MOTION TO SURPRESS EVIDENCE, QUASH/TRAVERSE SEARCH WARRANT (P.C. 1538.5); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** on the interested parties in this action as follows:

### SEE ATTACHED SERVICE LIST

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of Sklar Kirsh, LLP for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred. The envelope was placed in the mail at Los Angeles, California.

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address thecommunitylawgroup@gmail.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on November 26, 2022, at Los Angeles, California.

Mark Stephen Smith, Esq.

1
PROOF OF SERVICE

## SERVICE LIST

Zach Mehr
Deputy District Attorney
San Bernardino District Attorney
8303 Haven Ave.
Rancho Cucamonga, CA 91730-3848

Email: zmehr@sbda.org

Counsel for Plaintiff THE PEOPLE OF THE STATE OF CALIFORNIA

2
PROOF OF SERVICE

1

## **PROOF OF SERVICE**

2 **STATE OF CALIFORNIA, COUNTY OF SAN BERNARDINO**

3       At the time of service, I was over 18 years of age and not a party to this action. I am
employed in the County of Los Angeles, State of California. My business address is 444 West
4 Ocean Boulevard, Suite 800, Long Beach, CA 90802.

5       On November 28, 2022, I served true copies of the following document(s) described as
**MOTION TO SURPRESS EVIDENCE, QUASH/TRAVERSE SEARCH WARRANT (P.C.**
6 **1538.5); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** on
the interested parties in this action as follows:

7

## **SEE ATTACHED SERVICE LIST**

8
      **BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the
9 persons at the addresses listed in the Service List and placed the envelope for collection and
mailing, following our ordinary business practices. I am readily familiar with the practice of Sklar
10 Kirsh, LLP for collecting and processing correspondence for mailing. On the same day that
correspondence is placed for collection and mailing, it is deposited in the ordinary course of
11 business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I
am a resident or employed in the county where the mailing occurred. The envelope was placed in
12 the mail at Los Angeles, California.

13       **BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to
be sent from e-mail address thecommunitylawgroup@gmail.com to the persons at the e-mail addresses
14 listed in the Service List. I did not receive, within a reasonable time after the transmission, any
electronic message or other indication that the transmission was unsuccessful.

15
      I declare under penalty of perjury under the laws of the State of California that the
16 foregoing is true and correct.

17      Executed on November 28, 2022, at Los Angeles, California.

18

19 _____

20                                         Mark Stephen Smith, Esq.

21

22

23

24

25

26

27

28

1

PROOF OF SERVICE

**SERVICE LIST**

Zach Mehr
Deputy District Attorney
San Bernardino District Attorney
8303 Haven Ave.
Rancho Cucamonga, CA 91730-3848

Email: zmehr@sbda.org

Counsel for Plaintiff THE PEOPLE OF THE
STATE OF CALIFORNIA

2

# Exhibit D

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
RANCHO CUCAMONGA DISTRICT

NOV 2 8 2022

BY:_____
JONTE WASHINGTON, DEPUTY

1   Mark Stephen Smith (SBN: 158734)
    **THE COMMUNITY LAW GROUP, LLC**
2   444 West Ocean Boulevard, Suite 800
    Long Beach, CA 90802
3   Telephone: (562) 437-3326
    Facsimile: (562) 684-4311
4
    Attorneys for Defendant
5   Lisa Hren Fazzino

6

7

8               **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                       **COUNTY OF SAN BERNARDINO**

10

11  THE PEOPLE OF THE STATE OF          Case No. FWV22000685_____
    CALIFORNIA,
12                                       **DEFENDANT'S NOTICE OF MOTION**
                 Plaintiff,              **AND MOTION TO UNSEAL SEARCH**
13                                       **WARRANT AFFIDAVIT;**
         v.                              **MEMORANDUM OF POINTS AND**
14                                       **AUTHORITIES** 1/4/2023
    LISA HREN FAZZINO,
15                                       Date:    November 28, 2022
                 Defendant.             Time:    8:30 a.m.
16                                       Dept.:   R15
                                         Judge:   Hon. Richard V. Peel
17

18

19

20

21

22

23

24

25

26

27

28

1    **TO COURT, THE DISTRICT ATTORNEY FOR THE COURTY OF SAN**

2    **BERNARDINO, HIS AGENTS AND ASSIGNS;**

3    PLEASE TAKE NOTICE that on November 28, 2022, at 8:30 .m. or as soon thereafter as

4    the matter may be heard, in the courtroom of the Honorable Richard V. Peel, Department R15 of

5    the San Bernardino County Superior Court, located at the above-entitled court, Defendant Lisa

6    Fizzano, will move for an order unsealing the search warrants and related documents pertaining to

7    this case, as well as probably cause showing supporting the issuance of the warrant for the

8    Defendant's arrest.

9    This motion shall be made on the grounds that there are no exceptional circumstances

10    presented by this case. The motion will be based on this notice, on the accompanying

11    memorandum of points and authorities in support of the motion, and on such additional evidence,

12    argument, or authority as may be presented prior to or at the hearing on the motion.

13    DATED: November 26, 2022              Respectfully submitted,

14                                         THE COMMUNITY LAW GROUP

15

16                                    By: _____

17                                         Mark Stephen Smith
                                           Attorney for Defendant Lisa Fizzano
18

19

20

21

22

23

24

25

26

27

28

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION/FACTS

The Defendant Lisa Fizzano ("Defendant") was arrested on and charged with Possession for sale of methamphetamine, possession of a firearm and ammunition while in the commission of sales and by a felon. During the course of the Defendant's arrest, she was provided with a search warrant, but not the affidavit.. Her home was searched and allegedly 3.5 pounds of methamphetamine, a rifle, bullets and bullet clips were recovered. Neither the Defendant, or her counsel, ever received the search warrant affidavit. The defense was told that the search warrant affidavit was under seal.The affidavit would show the facts necessary for law enforcement to justify the search of the Defendant's home and her ultimate arrest and prosecution in this case.

## II.  CALIFORNIA LAW MANDATES PUBLIC ACCESS TO COURT RECORDS, AND NOW THAT CHARGES HAVE BEEN FILED NO EXTRAORDINARY CIRCUMSTANCES JUSTIFYING THE SEALING EXIST.

### A.  California Law and the First Amendment Mandate Public Access to Court Records.

California Rule of Court 243.l(d) provides that:

"The court may order that a record be filed under seal only if it expressly finds that:

(1) There exists and overriding interest that overcomes the right of the public access to the record;

(2) The overriding interest supports sealing the records;

(3) A substantial probability exits that the overriding interest will be prejudiced if the record is not sealed;

(4) The proposed sealing is narrowly tailored; and

(5) No less restrictive means exists to achieve the overriding interest."

Rule 243.1 codifies a well-established body of law establishing that under the First Amendment and the California Constitution provide the public and the press with a presumptive right of access to court records that can be overcome only by a compelling interest. "Although there is no specific statutory requirement for access to court documents, both the federal ... and

1   the state ... Constitutions provide broad rights of access to judicial records in criminal and civil

2   cases." *Copley Press, Inc. v. Superior Court*, 63 Cal. App. 4th 367, 373 (1998) ("Copley press

3   III"); *Copley Press, Inc. v. Superior Court*, 6 Cal. App. 4th, 106, 111 (1992) (Copley Press II").

4   The California Supreme Court has recently emphasized that the right of access is of constitutional

5   dimension. *NBC Subsidiary (KNBC-TV), Inc.*, 20 Cal. 4th at 1212. Both California and federal

6   authorities place a heavy burden on the party seeking nondisclosure to justify any such

7   interference with the public's first amendment rights--denial of access must be "strictly and

8   inescapably necessary" to protect a compelling government interest. *Associated Press v. U.S.*

9   *District court*, 705 F.2d 1143, 1145 (9th Cir. 1983), quoting *United States v. Booklier*, 685 F.2d

10  1162, 1167 (9th Cir. 1982) (emphasis added). *See also Copley Press, Inc. v. Superior Court*, 228

11  Cal. App. 3d 77, 84 (1991) (Copley Press I") (any order restricting access to court records must be

12  "based on findings that closure is essential to preserve higher values and is narrowly tailored to

13  serve that interest."); *Mary R. v. & R. Corp.*, 149 Cal. App. 3d 308, 317 (1983) ("Since court

14  records are public records, the burden rests on the party seeking to deny public access to those

15  records to establish compelling reasons why and to what extent these records should be made

16  private.").

17        In short, both California law and the United States Constitution establish a right of access

18  to court records that can be overcome only in exceptional circumstances. No such circumstances

19  exist in this case.

20  **B.**    **California Law Specifically Provides for Public Access to Search Warrants**

21        **and Related Records, and Makes No Provision for the Sealing of Arrest**

22        **Warrant Records.**

23        California law provides that a search warrant my issue only on a showing of probably

24  cause supported by an affidavit. Cal. Pen. Code § 1525. California law also expressly requires that

25  search warrants and related records be made public after execution. Section 1534 of the California

26  Penal Code provides, in pertinent part:

27        The documents and records of the court relating to the warrant need not be open

28        to the public until the execution and return of the warrant or the expiration of

DEFENDANT'S MOTION TO UNSEAL SEARCH WARRANT AFFIDAVIT

1    the 10-day period after issuance.

2    ///

3    Thereafter, if the warrant has been executed, the documents and records shall be open to

4    the public as a judicial record.

5    Cal. Pen. Code§ 1534(a) (West 2000) (emphasis added).

6    This statute, which has been in effect in California for more than one hundred and

     thirty years, reflected an unambiguous Legislative mandate that search warrants and related

7    documents (such as affidavits and returns) are to be made available to the public. The search

8    warrants at issue have been executed and returned. Accordingly, Penal Code section 1534

9    mandates the unsealing of the search warrant records.

10   Many courts have recognized a right of public access to materials filed in support of

11   search warrants, either under the First Amendment or under common law. *See, e.g., In re Search*

12   *Warrant for Secretarial Area Outside of Thomas Gunn*, 855 F.2d 569, 573 (8th Cir. 1988) (First

13   Amendment right of access); *State of Vermont v. Schaefer*, 157 Vt 339, 599 A.2d 337, 348

14   (1991), *cert. denied* 502 U.S. 1077 (1992) (First Amendment right of access). As one court

15   recognized in upholding the unsealing of a search warrant affidavit:

16   Society has an understandable interest not only in the administration of criminal

17   trials, but also in law enforcement systems and how well they work. The public has

18   legitimate concerns about methods and techniques of police investigation: for

19   example, whether they are outmoded or effective, and whether they are

20   unnecessarily brutal or instead cognizant of suspect's rights.

21   *In the Matter of Application and Affidavit for a Search Warrant*, 923 F.2d 324, 331 (4th

22   Cir. 1991). Accord *In re Search Warrant (Gunn)*, 855 F.2d at 573 ("even though a search warrant

23   is not part of the criminal trial itself . . . a search warrant is certainly an integral part of a criminal

24   prosecution."). Similarly, California law requires a demonstration of probable cause to support the

25   issuance of a warrant for arrest. Cal. Pen. Code § 817. In general, the showing is made by a sworn

26   statement in writing, and if made otherwise the probable cause showing must be recorded and

27   transcribed. Cal. Pen. Code § 817(b),(c). Nothing in the provisions of California law pertaining to

28

1  the issuance of arrest warrants provides for the sealing of the warrant or the probable cause

2  showing. Thus, arrest warrants, and the affidavits, declarations, or other probable cause showings

3  supporting their issuance, are--like other court records--presumptively public.

4         C.    **No Extraordinary Circumstances Justifying Sealing Exist, so the Requested**

5             **Records Should Be Made Available to the Public and Press.**

6        None of the findings required by Rule 243.1( d) or by the constitutional right of access can

7  be made now that criminal charges have been filed and Defendant has been arraigned and taken

8  into custody.

9        First, now that Defendant has been taken into custody, there is no "overriding interest"

10  that overcomes the right of public access to the search warrants. The Court's concerns that

11  revelation of information in the search warrant affidavits would harm the investigation, and that

12  the investigation should be thorough and unhampered, no longer apply now that criminal charges

13  have been filed, as the Court clearly found in ordering that "each of the documents shall become

14  public record" once a criminal complaint is filed. See April 10 Ruling, at p. 3, Defendant is now

15  facing criminal charges and alerting her to the investigation is no longer a concern. Nor can she

16  destroy evidence or otherwise interfere with the investigation. Indeed, her prosecutor, clearly

17  believes there is enough evidence sufficient to prosecute Defendant. Rule 243.1 also requires any

18  party seeking to deny public access to court records to show a "substantial probability exists that

19  the overriding interest will be prejudiced if the record is not sealed." As set forth above, no

20  "overriding interests" of the prosecution will be jeopardized now that criminal charges have been

21  filed, as this Court's April 10 Ruling recognized. Similarly, Defendant's interests in a fair trial

22  will not be prejudiced by the unsealing of documents.

23        Finally, Rule 243.1 compels those seeking to maintain the secrecy of court records to

24  demonstrate that there are no less restrictive means adequate to protect the asserted interests. The

25  U.S. Supreme Court, in the seminal Press-Enterprise decision, identified several "less restrictive

26  means" which are sufficient to protect fair trial rights short of closing hearings or sealing

27  documents:

28        "[R]isk of prejudice does not automatically justify refusing public access to

1    hearings on every motion to suppress. Through voir dire, cumbersome as it is in

2    some circumstances, a court can identify those jurors whose prior knowledge of

3    the case would disable them from rendering an impartial verdict. And even if

4    closure were justified for the hearings on a motion to suppress, closure of an entire

5    41-day proceeding would rarely be tolerated. The First Amendment right of access

6    cannot be overcome the conclusory assertion that publicity might deprive the

7    defendant of that right."

8    **III.    CONCLUSION**

9     The sealing of documents such as the one at issue here is, as the California Supreme Court

10    has recognized, is a step which can be justified "only in the rarest of circumstances." *NBC*

11    *Subsidiary, (KNBC-TV), Inc.*, 20 Cal. 4th at 1226. This Court found on April 10 that once a

12    criminal complaint was filed, those "exceptional" circumstances would no longer exist. That

13    finding was amply supported by the law and the facts. This motion should be granted and the

14    documents pertaining to the search and any arrest warrants issued in this case should be made

15    available to Defendant forthwith.

16

17

18    DATED: November 26, 2022   Respectfully submitted,

19              THE COMMUNITY LAW GROUP

20

21             By:

22             Mark Stephen Smith

23             Attorney for Defendant Lisa Hren Fazzino

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

8

1

## PROOF OF SERVICE

2

**STATE OF CALIFORNIA, COUNTY OF SAN BERNARDINO**

3

4

    At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 444 West Ocean Boulevard, Suite 800, Long Beach, CA 90802.

5

6

7

    On November 28, 2022, I served true copies of the following document(s) described as **DEFENDANT'S NOTICE OF MOTION AND MOTION TO UNSEAL SEARCH WARRANT AFFIDAVIT; MEMORANDUM OF POINTS AND AUTHORITIES** on the interested parties in this action as follows:

8

### SEE ATTACHED SERVICE LIST

9

10

11

12

    **BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of Sklar Kirsh, LLP for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred. The envelope was placed in the mail at Los Angeles, California.

13

14

15

    **BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address thecommunitylawgroup@gmail.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

16

    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

17

    Executed on November 28, 2022, at Los Angeles, California.

18

19

20

Mark Stephen Smith, Esq.

21

22

23

24

25

26

27

28

1

## SERVICE LIST

2

3    Zach Mehr                                    Counsel for Plaintiff THE PEOPLE OF THE
     Deputy District Attorney                     STATE OF CALIFORNIA
4    San Bernardino District Attorney
     8303 Haven Ave.
5    Rancho Cucamonga, CA 91730-3848

6    Email: zmehr@sbda.org

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# Exhibit E

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
RANCHO CUCAMONGA DISTRICT

NOV 2 8 2022

BY: _____
JONTE WASHINGTON, DEPUTY

1  Mark Stephen Smith (SBN: 158734)
   **THE COMMUNITY LAW GROUP, LLC**
2  444 West Ocean Boulevard, Suite 800
   Long Beach, CA 90802
3  Telephone: (562) 437-3326
   Facsimile: (562) 684-4311
4
   Attorneys for Defendant
5  Lisa Hren Fazzino

6

7

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                     **COUNTY OF SAN BERNARDINO**

10

11  THE PEOPLE OF THE STATE OF              Case No. FWV22000685_____
    CALIFORNIA,
12                                          **DEFENDANT'S NOTICE OF MOTION
                                            AND MOTION TO DISCLOSE**
              Plaintiff,                    **CONFIDENTIAL INFORMANT;**
13                                          **MEMORANDUM OF POINTS AND**
       v.                                   **AUTHORITIES; DECLARATION OF**
14                                          **MARK STEPHEN SMITH**
    LISA HREN (FAZZINO),
15                                          Date:    ~~November 28, 2022~~ 1/4/2022
              Defendant.                    Time:    8:30 a.m.
16                                          Dept.:   R15
                                            Judge:   Hon. Richard V. Peel
17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT'S MOTION TO DISCLOSE CONFIDENTIAL INFORMANT

1  **TO COURT, THE DISTRICT ATTORNEY FOR THE COURTY OF SAN**

2  **BERNARDINO, HIS AGENTS AND ASSIGNS;**  1/4 2023

3      PLEASE TAKE NOTICE that on November 28, 2022, at 8:30 .m. or as soon thereafter as

4  the matter may be heard, in the courtroom of the Honorable Richard V. Peel, Department R15 of

5  the San Bernardino County Superior Court, located at the above-entitled court, Defendant Lisa

6  Fizzano, will and hereby does move this Court to disclose the identify of the confidential

7  informant. The motion is made on the grounds that, because the confidential informant was a

8  participant in the alleged crime and an eyewitness to it, he can testify regarding defendant's guilt

9  or innocence. The motion is made on the basis of this notice, the attached memorandum of points

10  and authorities and declaration of Mark Stephen Smith, and exhibits attached thereto, the records

11  and file in this matter, and on such other oral and documentary evidence as may be presented at

12  the hearing of this motion.

13

14

15  DATED:  November 26, 2022      Respectfully submitted,

16                  THE COMMUNITY LAW GROUP

17

18                  By:

19                  Mark Stephen Smith
                  Attorney for Defendant Lisa Hren (Fazzino)

20

21

22

23

24

25

26

27

28

2

DEFENDANT'S MOTION TO DISCLOSE CONFIDENTIAL INFORMANT

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2  **I.    INTRODUCTION**

3        The Defendant Lisa Hren (Fazzino) ("Defendant") has been charged with selling 3.5

4  pounds of methamphetamine to a confidential informant, possession of a firearm by as felon and

5  while selling narcotics and ammunition. The informant is the only witness who can raise even

6  circumstantial evidence that Defendant was involved in a sale. Thus disclosure of the information

7  is essential not only to providing due process to the Defendant but to their prosecution as well.

8        According to the police report produced by the Police Department, Police officers were

9  investigating narcotics sales activity at the home of the Defendant located at 9546 Palm Lane, in

10  Fontana. Apparently, law enforcement received information that the Defendant was selling

11  narcotics out of her home. There was no other information provided to the defense to justify the

12  Defendant's arrest.

13

14  **II.    LEGAL ARGUMENT**

15        **A.    THIS COURT SHOULD GRANT THIS MOTION TO DISCLOSE THE**

16              **IDENTIFY OF THE CONFIDENTIAL INFORMANT, AS DEFENDANT**

17              **HAS MADE AN ADEQUATE SHOWING THAT THE INFORMANT MAY**

18              **BE A MATERIAL WITNESS ON THE ISSUE OF GUILT OR INNOCENCE**

19        Defendant contends that this Court should grant this motion to disclose the identity of the

20  confidential informant as defendant has made an adequate showing that the informant may be a

21  material witness on the issue of guilt or innocence.

22        The court will compel disclosure of a confidential informant when the defendant makes an

23        adequate showing that the informant may be a material witness on the issue of guilt or

24  innocence. He must show a reasonable possibility that, in view of the evidence, the informant

25  could give evidence on the issue of guilt that might result in exoneration. He need not prove that

26  the informant would give that testimony, but only show some evidence of a possibility that the

27  unnamed informer is a material witness. And where a defendant makes an adequate showing that

28  the informer may be a material witness on the issue of guilt or innocence, disclosure should be

1  compelled, or the case dismissed. *People v. Theodor*, (1972) 8 Cal.3d 77, 88; see also *People v.*
2  *Lizarraga*, (1990) 219 al. App. 3d 476,483 (disclosure must be compelled or case dismissed).

3       The People must disclose the identity of a confidential informant who is a material witness
4  or suffer dismissal of criminal charges against the defendant. *People v. Lawley*, (2002) 27 Cal.4th
5  102, 159; see also *Davis v. Superior Court*, (2010) 186 Cal.App.4th 1272, 1276.) "An informant
6  is a material witness if there appears, from the evidence presented, a reasonable possibility that he
7  or she could give evidence on the issue of guilt that might exonerate the defendant." Lawley,
8  supra, at p.159; Davis, supra, at p. 1276.

9       The defendant must demonstrate the witness's-not the testimony's-material character.
10 *People v. Mejia*, (1976) 57 Cal.App.3d 574, 580.

11 **B.    AN INFORMANT WHO IS AN ACTUAL PARTICIPANT IN THE CRIME**
12 **ALLEGED OR A NONPARTICIPATING EYEWITNESS TO THE CRIME**
13 **IS PRESUMED TO BE A MATERIAL WITNESS**

14      Several decisions of the California Courts of Appeal have held that an informant who is an
15 actual participant in the crime alleged or a nonparticipating eyewitness to it is ipso facto a material
16 witness. *People v. Lee*, (1985) 164 Cal.App.3d 830, 835-836. Such a witness has a sufficiently
17 proximate vantage point to the crime that his testimony's material character will be presumed.
18 *People v. White*, (1974) 38 Cal.App.3d 412, 423-424.

19      If Defendant were charged only with the possession of drugs for sale and the evidence
20 against her consisted of mere indicia of intent to sell (such as the amount of contraband possessed
21 and the simultaneous possession of scales) no disclosure of a confidential informant would be
22 necessary. *People v. Alderrou*, (1987) 191 Cal.App.3d 1074, 1081. In *Alderrou*, the informant
23 could not give exculpatory testimony regarding a sale because the defendant there was not
24 convicted of selling methamphetamine or transporting it or giving it away. [Alderrou] was not
25 being charged nor was he convicted of the particular sale-or any sale-which he may have made to
26 the confidential informant or which the confidential informant may have witnessed. Instead, the
27 crime for which he was charged and convicted was the possession of methamphetamine which
28 had not yet been sold to anyone but was intended to be sold by someone at some time to someone

DEFENDANTS MOTION TO DISCLOSE CONFIDENTIAL INFORMANT

1 | else. Ibid.

2 |   But here, Defendant is charged with the particular sale to a confidential informant. Only

3 | the informant can say whether Defendant actually acquired the drugs from the Defendant. In fact,

4 | without the informant's testimony, all the prosecution can prove is that the informant went to the

5 | Defendant's home, left, possibly got into a vehicle, drove, and or walked.

6 | **III.**   **CONCLUSION**

7 |   The confidential informant is a participant in the entire transaction by which he

8 | supposedly acquired, through the purchase of drugs from Defendant. The informant is an

9 | eyewitness to the alleged crime or a witness who is so close temporally to the crime as to be

10 | presumptively material. This court should therefore order the informant's disclosure.

13 | DATED: November 26, 2022     Respectfully submitted,

14 |            THE COMMUNITY LAW GROUP

16 |           By:

17 |              Mark Stephen Smith

18 |              Attorney for Defendant Lisa hren Fazzino

57

5

DEFENDANT'S MOTION TO DISCLOSE CONFIDENTIAL INFORMANT

## DECLARATION OF MARK STEPHEN SMITH

I, Mark Stephen Smith, declare as follows:

    1.    I am the attorney of record for the defendant in the above-entitled action. I am licensed to practice law in all of the Courts in the State of California. I am over the age of 18 years. I have personal knowledge of the foregoing, and if called upon to testify as a witness, could and would competently testify to the facts set forth in this declaration.

    2.    I make this declaration in support of the motion to disclose the identity of the confidential informant in this case based on information and belief.

    3.    My review of the documents filed with the Court in this case and received in discovery from the prosecution show that the **INFORMANT MAY BE A MATERIAL WITNESS ON THE ISSUE OF GUILT OR INNOCENCE.**

    4.    The confidential informant was an eyewitness to the crime of a witness who is so close temporally to the crime as to be presumptively material.

    5.    I respectfully request that the Court grant this motion to disclose the identify of the confidential informant.

    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration is executed on November 26, 2022 at Long Beach, California.

Mark Stephen Smith

1

## PROOF OF SERVICE

2

**STATE OF CALIFORNIA, COUNTY OF SAN BERNARDINO**

3

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of Los Angeles, State of California.  My business address is 444 West Ocean Boulevard, Suite 800, Long Beach, CA 90802.

4

5

On November 28, 2022, I served true copies of the following document(s) described as **DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISCLOSE CONFIDENTIAL INFORMANT; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF MARK STEPHEN SMITH** on the interested parties in this action as follows:

6

7

### SEE ATTACHED SERVICE LIST

8

9

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with the practice of Sklar Kirsh, LLP for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.  I am a resident or employed in the county where the mailing occurred.  The envelope was placed in the mail at Los Angeles, California.

10

11

12

13

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address thecommunitylawgroup@gmail.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

14

15

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

16

17

Executed on November 28, 2022, at Los Angeles, California.

18

19

20

Mark Stephen Smith, Esq.

21

22

23

24

25

26

27

28

1

PROOF OF SERVICE

1

**SERVICE LIST**

2

3  Zach Mehr                                    Counsel for Plaintiff THE PEOPLE OF THE
   Deputy District Attorney                     STATE OF CALIFORNIA
4  San Bernardino District Attorney
   8303 Haven Ave.
5  Rancho Cucamonga, CA 91730-3848

6  Email: zmehr@sbda.org

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

# Exhibit F

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
RANCHO CUCAMONGA DISTRICT

FEB 0-9 2023

BY: _____

1   **JASON ANDERSON**
    District Attorney
2   **DESI ADELEKE**
    Deputy District Attorney
    State Bar Number 327376
3   **AREGA EISSAGHOLIAN**
    Certified Legal Clerk
4   Certification Number 865831
    8303 Haven Avenue, 4th Floor
5   Rancho Cucamonga, CA 91730
    Telephone: (909) 989-0056
6   Fax: (909) 895-4156

7   Attorney for the People

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                     COUNTY OF SAN BERNARDINO

10

11  THE PEOPLE OF THE STATE OF        Case No.: FWV22000685
    CALIFORNIA,
12                                     **PEOPLE'S OPPOSITION TO MOTION**
                                       **TO QUASH AND TRAVERSE SEARCH**
13            Plaintiff,              **WARRANT AND TO SUPPRESS**
                                       **EVIDENCE**
14       vs.

15  LISA MARIE HREN FAZZINO,

16
              Defendant
17

18       TO THE HONORABLE JUDGE OF THE SUPERIOR COURT, DEFENDANT, AND

    THEIR ATTORNEY OF RECORD: THE PEOPLE OF THE STATE OF CALIFORNIA,
19
    through their attorneys, hereby oppose Defendant's Motion to Quash and Traverse the Search
20
    Warrant and to unseal the warrant and to disclose the identity of the confidential informant.
21
         This Opposition is based upon the pleadings, files, and records in this action, the
22
    attached Memorandum of Points and Authorities, and any such further oral and documentary
23
    evidence set forth at the hearing.
24
    ///
25

OPPOSITION TO MOTION TO UNSEAL, QUASH AND TRAVERSE SEARCH WARRANT - 1

## STATEMENT OF FACTS

Officers had been conducting an ongoing narcotics and firearms-related investigation on Defendant, Lisa Marie Hren Fazzino. Defendant has an extensive criminal history for narcotics, which included sales, amongst other convictions, and prohibited from owning or possessing firearms.

On February 22, 2022, a search warrant was authored by Officer Jose Morales for Defendant's residence in Fontana which was later signed by San Bernardino Superior Court Judge Jon Ferguson. On that date, surveillance was set up at Lisa's residence and Officers made their way to Defendant's door. After announcements were made at the front door and the Defendant and her family members refused to open the front door, breaching tools were used to breach the door and enter.

Upon entry, Officer Morales noticed that the Defendant's pants were soaked as it was later discovered she attempted to destroy methamphetamine that was sitting on top of a desk in her bedroom with a bottle of water. A search of the Defendant's bedroom revealed six large plastic Ziploc bags containing 3.5 pounds of methamphetamine in a black safe. Officers obtained a key to the black safe after Defendant provided them with the location of the key. Beside the methamphetamine, identifying information in the form of a receipt with the Defendant's name and address was located in the black safe. Additionally, an unopened box of five-hundred Ziploc bags was located on the ground. The box contained a functional digital scale with white residue along with a large amount of new Ziploc bags which matched a Ziploc bag containing methamphetamine making it evident the box included packaging for purposes of sales of narcotics. A second functional digital scale and bags with methamphetamine residue were found on the desk that the Defendant spilled water on.

Then, an end-of-bed bench was searched, and a green/black semi-automatic pistol was located which had a ten-round magazine in the firearm and a thirty-round 9mm magazine, that fit the pistol, was located with it. A functions test on the firearm revealed that it was fully operational.

OPPOSITION TO MOTION TO UNSEAL, QUASH AND TRAVERSE SEARCH WARRANT - 2

Officer Morales then read the Defendant her Miranda rights, she indicated she understood, and waived her rights by continuing to speak with Officer Morales and stated she sold methamphetamine to feed her addiction and stated all the methamphetamine at the residence belonged to her.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### BURDEN OF PROOF FOR MOTION TO TRAVERSE/QUASH

Where law enforcement has seized evidence after obtaining a search warrant from a magistrate, there is a presumption of validity as to both the warrant and its supporting affidavit. *Franks v. Delaware* (1978) 438 U.S. 154, 171. Unlike PENAL CODE § 1538.5 motions to suppress evidence arising out of warrantless searches, the defense therefore bears the burden of challenging the legality of the warrant and search. *Ibid.*

### II.

### THE MOTION TO QUASH MUST BE DENIED BECAUSE THE SEARCH WARRANT WAS SUPPORTED BY PROBABLE CAUSE

A search conducted pursuant to a search warrant is presumed lawful. Thus, the burden of establishing the invalidity of the search warrant rests upon the defendant. (*Theodor* v. *Superior Court* (1972) 8 Cal.3d 77, 101.)

#### A.   The Search Warrant Is Supported by Probable Cause

Both the magistrate and reviewing courts are to interpret an affidavit for a search warrant in a common sense and realistic fashion. (*Illinois* v. *Gates* (1983) 462 U.S. 213, 238; *United States* v. *Ventresca* (1965) 380 U.S. 102, 108.) The issuing magistrate's task was to make a practical and common-sense decision whether, given all the information contained in the affidavit, "there is a fair probability that contraband or evidence of a crime will be found in a particular place." (*Illinois* v. *Gates, supra.*)

1      A higher court reviewing issuance of the warrant does not redetermine probable cause

2  de novo. Its task is simply to ensure the magistrate had a substantial basis for concluding

3  probable cause existed. (*Massachusetts* v. *Upton* (1984) 466 U.S. 727, 733; *Illinois* v. *Gates*,

4  *supra*, 462 U.S. at p. 238.) The reviewing court must pay great deference to the magistrate's

5  decision. (*Illinois* v. *Gates*, *supra*; *People* v. *Glenos* (1992) 7 Cal.App.4th 1201, 1206.)

6  Similarly, doubtful or marginal cases should be resolved by a preference for the warrant. (*United*

7  *States* v. *Ventresca*, *supra*, 380 U.S. at p. 108; *People* v. *Superior Court (Corona)* (1981) 30

8  Cal.3d 193, 203.) "A grudging or negative attitude by reviewing courts toward warrants will

9  tend to discourage police officers from submitting their evidence to a judicial officer before

10  acting." (*United States* v. *Ventresca*, *supra*.) The duty of the reviewing court is to save the

11  warrant if it can do so in good conscience. (*Caligari* v. *Superior Court* (1979) 98 Cal.App.3d

    725, 729.)

12      The issuing magistrate may rely upon relevant opinions and conclusions drawn by an

13  experienced affiant-officer on the issue of probable cause. (*People* v. *Sandlin* (1991) 230

14  Cal.App.3d 1310, 1315; *People* v. *Cleland* (1990) 225 Cal.App.3d 388, 393; *People* v. *Johnson*

15  (1971) 21 Cal.App.3d 235, 243, 245.) "'The rule should not be understood as placing the

16  ordinary man of ordinary care and prudence and the officer experienced in the detection of

17  narcotics offenders in the same class. Circumstances and conduct which would not excite the

18  suspicion of the man on the street might be highly significant to an officer who had had extensive

19  training and experience in the devious and cunning devices used by narcotics offenders to

20  conceal their crimes.' " (*People* v. *Superior Court (Kiefer)* (1970) 3 Cal.3d 807, 827; *People* v.

    *Rich* (1977) 72 Cal.App.3d 121.)

21      Officer Morales' report laid out in detail the probable cause for obtaining a search

22  warrant for the Defendant's address of 9546 Palm Lane, Fontana, CA for property that may be

23  found that was used as the means of committing a felony; property possessed, or being concealed

24  by another, with intent to commit a public offense; and property tending to show that a felony

25  was committed or a particular person, the Defendant, has committed a felony.

**B.**   <u>The Search Warrant Stated with Sufficient Particularity the Items to Be Seized</u>

The warrant clause of the Fourth Amendment provides that no warrant may issue except those "particularly describing the place to be searched, and the persons or things to be seized." (See generally, *Walter v. Untied States* (1980) 447 U.S. 649, 656-657, fn. 8.) This particularity requirement is designed to prevent general exploratory searches. (*Burrows v. Superior Court* (1974) 13 Cal.3d 238, 249; *People v. Smith* (1994) 21 Cal.App.4th 942, 947-950; *People v. Murray* (1978) 77 Cal.App.3d 305, 308.) Particularity is satisfied if the warrant imposes a "meaningful restriction" on the place to be searched and the objects to be seized. (*Burrows v. Superior Court, supra*, at p. 249; *People v. Smith, supra*, at p. 949.) Like probable cause information in a search warrant affidavit generally, the warrant's description of the place to be searched should be viewed in a common-sense and realistic fashion. (*Smith, supra*; accord, *People v. Minder* (1996) 46 Cal.App.4th 1784, 1788.)

The "reasonable particularity" requirement for the description of property to be seized, "is a flexible concept, reflecting the degree of detail available from the facts known to the affiant and presented to the issuing magistrate." (*People v. Tockgo* (1983) 145 Cal.App.3d 635, 640) "Thus, while a generic description of illicit objects will be held sufficient where probable cause is shown and no more specific identification is possible [citation], greater 'specificity [is] required for seizure of goods whose identity is known, such as stolen goods . . . .' [Citation.]" (*Ibid.*; similarly, see *People v. Hepner* (1994) 21 Cal.App.4th 771, 774; *People v. Schilling* (1987) 188 Cal.App.3d 1021, 1031.) "The constitutional requirement of particularity protects against ' "general, exploratory rummaging in a person's belongings," ' but in a complex case resting on the piecing together of 'many bits of evidence,' the warrant properly may be more generalized than in a simpler investigation resting on more direct evidence. [Citations.]" (*People v. Kraft* (2000) 23 Cal.4th 978, 1041.)

Here, the search warrant stated the premise to be searched as:

1    9546 Palm Lane, Fontana, CA, County of San Bernardino. The location is further

2 described as a single-story family residence with tan stucco, tan trim, and black roof. The front

3 door faces south and the numbers "9546" are posted in black to the front of the residence. The

4 residence is surrounded by a chain-link fence. The premises includes a second structure to the

5 rear of the main residence. The structure appears to be a back-house with tan stucco, tan trim

6 and black roof as well. The front door has a brown security screen and faces north. The search

7 was to include all rooms, attics, basements and other parts therein, and the surrounding grounds

8 and any garages, storerooms, and outbuildings of any kind located thereon. The search was to

9 also include all persons present during the service of the search warrant, their vehicles in which

10 they are in control of, as well as all incoming phone calls into the residence relating to illegal

11 narcotic/firearm activities.

12    The search warrant also listed the following property being sought: Rifles, shotguns, semi-
automatic weapons, assault rifles, machine guns, revolvers, semi-automatic handguns, machine
pistols and any ammunition, holsters, carrying cases, accessories, clips and magazines for the
above listed items, any and all improvised explosive devices including but not limited to grenades,
any and all items gang related along with items to show knowledge of gang membership, and any
and all items along with stolen items taken during the commission of the crimes listed.

    The search warrant also listed the following property to be sought: Articles of personal
property tending to establish the identity of persons in control of premises, vehicles, storage areas
and containers being searched consisting of but not limited to utility company receipts, rent
receipts, addressed envelopes and keys, and to seize it if found.

    The People believe that the Court will find that the location for the search and the items
were stated with particularity and sufficiently and does not authorize merely a "fishing
expedition."

///

**C.**   **Even If There Was Not Probable Cause or Sufficient Particularity on the Face of the Warrant, the Search Is Saved by Good Faith Reliance**

Finally, deficiencies in the description of the place to be search or the items to be seized are also subject to the good faith exception of the exclusionary rule. (*People v. Rodriguez-Fernandez* (1991) 235 Cal.App.3d 543; *People v. Alvarez* (1989) 209 Cal.App.3d 660; see generally, *United States v. Leon* (1984) 468 U.S. 897; but see, *Groh v. Ramirez* (2004) 540 U.S. 551.)

Evidence seized by an officer during a search in objectively reasonable reliance on the validity of a search warrant will not be excluded even if the warrant is later determined to have been issued without probable cause. (*United States* v. *Leon* (1984) 468 U.S. 897, 922; *People* v. *Lopez* (1985) 173 Cal.App.3d 125, 139-142; *People* v. *MacAvoy* (1984) 162 Cal.App.3d 746, 759-765.) The very fact the officer is acting on a warrant issued by a neutral and detached magistrate normally suffices to establish that the officer is acting in good faith. (*United States* v. *Leon, supra*; *United States* v. *Ross* (1982) 456 U.S. 798, 823, fn. 32.) The test then becomes "whether a reasonable and well-trained officer 'would have *known* that his affidavit failed to establish probable cause and that he should not have applied for the warrant.'" (*People* v. *Camarella* (1991) 54 Cal.3d 592, 604-605.)

**III.**

**THE MOTION TO TRAVERSE MUST ALSO BE DENIED BECAUSE THERE ARE NO DELIBERATE FALSEHOODS OR OMISSIONS**

**A.**   **A Preliminary Showing by Defense Is Necessary in this Case**

In a motion to traverse, a defendant is entitled to an evidentiary hearing on the affidavit's veracity *only after* making a *substantial preliminary showing* that (1) the affidavit includes a false statement made "knowingly and intentionally, or with reckless disregard for the truth," and (2) "the allegedly false statement is necessary to the finding of probable cause." (*Id.* at pp. 155-

156; *People* v. *Hobbs* (1994) 7 Cal.4th 948, 974; *People* v. *Luttenberger* (1990) 50 Cal.3d 1, 9-11.)

Defense has failed to make a preliminary showing of any false statement. The police reports and search warrant are riddled with evidence in support of probable cause for the search warrant.

## B.    Only Deliberate Falsehoods Affecting Probable Cause Are Traversable

*Franks* v. *Delaware* (1978) 438 U.S. 154 greatly narrowed the scope of a motion to traverse and the remedies a court may impose. Earlier California cases allowed much broader attack on a search warrant affidavit and more harsh sanctions, based wholly upon the California Constitution. These cases were overruled by the voters' adoption of article I, section 28(d), commonly called the "Victim's Bill of Rights." (*People* v. *Truer* (1985) 168 Cal.App.3d 437, 440-443; *People* v. *Luevano* (1985) 167 Cal.App.3d 1123, 1128-1129; and see *In re Lance W.* (1985) 37 Cal.3d 873, 884-890.)

In *Franks*, the United States Supreme Court held that a negligent or innocent misstatement of fact by the affiant has no effect upon the validity of a search warrant. Only a knowingly and intentionally false statement or a statement made with reckless disregard for the truth can be the basis for a traversal. And even if the defense can demonstrate such a misstatement, the remedy is not to automatically quash the warrant. Instead, the court must retest the affidavit for probable cause without the misstatement. (*Franks* v. *Delaware*, *supra*, 438 U.S. at pp. 170-172.)

The *Franks* correct-and-retest approach is remedial rather than punitive. Simply striking a misstatement can leave the remaining facts out of context and unintelligible. Thus, the court should substitute the true facts known to the affiant in place of the misstated facts – make the affidavit read as it should have – before retesting for probable cause. (*People* v. *Costello* (1988) 204 Cal.App.3d 431, 443-444.)

The defense carries the burden of proof during any evidentiary hearing on a *Franks* motion. Their burden of proof is by a preponderance of the evidence. (*Franks* v. *Delaware*,

*supra*, 438 U.S. at p. 156.) And in deciding the affiant's credibility, the court may consider the results of the search. "[W]hile probable cause for a search cannot be supported by the results of the search, there is no reason why the results of the search cannot support the truthfulness of the statements made in a search warrant affidavit by an affiant whose credibility is under attack." (*People* v. *Benjamin* (1999) 77 Cal.App.4th 264, 275-276 [significant indoor marijuana cultivation corroborated affiant's allegation that marijuana odor was coming from a residence].)

### C.    Only Deliberate Omissions of Material Fact Are Traversable

The procedural and substantive rules established in *Franks* v. *Delaware* (1978) 438 U.S. 154, apply equally to alleged omissions from affidavits. (*People* v. *Huston* (1989) 210 Cal.App.3d 192, 219; see also *People* v. *Truer* (1985) 168 Cal.App.3d 437, 440-443; *People* v. *Luevano* (1985) 167 Cal.App.3d 1123, 1128-1129.) Because the defense bears the burden of proof by a preponderance of the evidence, the defendant must establish that an omission was made knowingly or intentionally, or with reckless disregard for the truth, and that the omission was of a material fact distorting the probable cause analysis. (*Franks* v. *Delaware, supra*, at pp. 155-156; *People* v. *Huston, supra*, at p. 220; *People* v. *Berkoff* (1985) 174 Cal.App.3d 305, 310.) Hence, a negligent or innocent omission has no effect upon the validity of the warrant.

Even where an intentional omission of a material fact is shown, the remedy simply is to add the omitted information to the affidavit and test it again for probable cause. (*People* v. *Mayer* (1987) 188 Cal.App.3d 1101, 1120-1121; *United States* v. *Lefkowitz* (9th Cir. 1980) 618 F.2d 1313, 1317.)

Obviously, *Franks* analysis does not apply to the omission of material dealing with whether the facts supporting probable cause were lawfully obtained. The court in *People* v. *Cook* (1978) 22 Cal.3d 67, 93-94, recognized that the sole duty of a magistrate presented with a search warrant affidavit is to determine whether the facts alleged therein constitute probable cause. "By negative implication, it is not the magistrate's function also to determine whether the facts alleged in the affidavit were lawfully obtained." (*Ibid.*; accord, *People* v. *Machupa*

1  (1994) 7 Cal.4th 614, 630-631.) If defendant believes the facts supporting probable cause were

2  unlawfully obtained, defendant may move to suppress under general Fourth Amendment

3  principles, but not by traversal of the warrant. (*People* v. *Cook*, *supra*; see also *People* v. *Torres*

4  (1992) 6 Cal.App.4th 1324, 1334-1335.)

5        Despite the lack of a preliminary showing of falsehoods, reckless disregard for the truth,

6  or deliberate omissions, the People are confident that a review of the search warrants involved

   in this case show none to exist.

7

8  ## CONCLUSION

9        The People ask the Court to deny each the motions to quash the warrant, to traverse the

10  warrant, and to suppress the evidence. The defense here has not provided this Court with any

11  showing as to why either a Motion to Quash or a Motion to Traverse should be well received.

12        Moreover, the defense has failed to specifically raise any cognizable issue relating to

13  the motions to Quash or Traverse. Consequently, those motions should be summarily denied

14  and so should the motion to suppress the evidence seized as it was pursuant to valid search

   warrant.

15

16  DATED: February 9, 2023

17                                   Respectfully Submitted,

18                                   JASON ANDERSON
                                    San Bernardino County District Attorney

19

20        By:

21                                   AREGA EISSAGHOLIAN
                                    Certified Legal Clerk

22

23        By:

24                                   DESI ADELEKE
                                    Deputy District Attorney

25

# SAN BERNARDINO COUNTY

# OFFICE OF THE DISTRICT ATTORNEY

STATE OF CALIFORNIA ⟩

COUNTY OF SAN BERNARDINO ⟩

I, AREGA EISSAGHOLIAN, the undersigned declare:

That I am a citizen of the United States, employed in the County of San Bernardino, State of California, over eighteen years of age, and not a party to the within action.

That I served a true and correct copy of the following named document by the means and on the date indicated below:

**PEOPLE'S OPPOSITION TO MOTION TO DISCLOSE IDENTITY OF CONFIDENTIAL INFORMANT AND TO UNSEAL, QUASH AND TRAVERSE SEARCH WARRANT AND TO SUPPRESS EVIDENCE**

( )    Depositing a copy thereof, enclosed in a sealed envelope for collection and mailing on that date following ordinary business practice at San Bernardino to:

( )    Faxing a copy thereof to the number listed below:

( )    Personally depositing into a receiving box located at:

( )    Personally delivering said document to:

(X)    Emailing a copy thereof to the address of:
Thecommunitylawgroup@gmail.com

I declare under penalty of perjury under the laws of the State of California, that the foregoing is true and correct.

Executed at Rancho Cucamonga, California.

DATED: February 9, 2023

_____
Arega Eissagholian

OPPOSITION TO MOTION TO UNSEAL, QUASH AND TRAVERSE SEARCH WARRANT - 11

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
RANCHO CUCAMONGA DISTRICT

FEB 0 9 2023

BY:_____ DEPUTY

1   **JASON ANDERSON**
    District Attorney
2   **DESI ADELEKE**
    Deputy District Attorney
3   State Bar Number 327376
    **AREGA EISSAGHOLIAN**
4   Certified Legal Clerk
    Certification Number 865831
5   8303 Haven Avenue, 4th Floor
    Rancho Cucamonga, CA 91730
6   Telephone: (909) 989-0056
    Fax: (909) 895-4156
7

8   Attorney for the People

9

SUPERIOR COURT OF THE STATE OF CALIFORNIA,

COUNTY OF SAN BERNARDINO

10

11  THE PEOPLE OF THE STATE OF CALIFORNIA          COURT CASE NO.: FWV22000685

12                                   Plaintiff,

13                                                **PEOPLE'S OPPOSITION TO
                                                  DEFENDANT'S MOTION TO
14                     vs.                        DISCLOSE CONFIDENTIAL
                                                  INFORMANT**
15

16  LISA MARIE HREN FAZZINO,

17                                   Defendant.

18

19

20      This motion is based on, the pleadings, files and records in this action, and the declaration

21  filed in support of this motion, and on evidence that may be addressed at the hearing on the motion.

22

23                          **STATEMENT OF FACTS**

24      Officers had been conducting an ongoing narcotics and firearms-related investigation on

25  Defendant, Lisa Marie Hren Fazzino. Defendant has an extensive criminal history for narcotics, which

26  included sales, amongst other convictions, and prohibited from owning or possessing firearms.

27

28

73                          1

# Exhibit G



**SUPERIOR COURT OF CALIFORNIA,
COUNTY OF SAN BERNARDINO
Rancho Cucamonga District
8303 Haven Avenue
Rancho Cucamonga, CA 91730
www.sb-court.org**

# MINUTE ORDER

Case Number: FWV22000685                                                Date: 3/22/2023

Case Title: People of the State of California vs. LISA MARIE FAZZINO

| Department R15 - Rancho Cucamonga | Date: 3/22/2023 | Time: 8:30 AM | Pre-Preliminary Hearing |
|---|---|---|---|

Charges:  PC29800(A)(1)-F, HS11370.1(A)-F, HS11378-F, PC30305(A)(1)-F, PC1170.12(A)-(D)-A

Judicial Officer: Richard V Peel
Judicial Assistant: Vanessa Olalde
Court Reporter: Tricia Chamberlain
Bailiff: R Page

**Appearances**
District Attorney Rachel Lan present
Retained Attorney Mark Smith present
Defendant present not in custody

**Proceedings**
Off the record, Court and counsel confer at bench.

9:52 AM
In Camera hearing held.

9:56 AM
In Camera hearing concludes.

Court orders transcript of in camera hearing sealed.

Counsel address motions on the record.
Court has read and considered all moving papers in regard to this matter.

Arguments presented by Counsel.
Issues submitted.
After due consideration:

**Motion**
Defense Motion RE: Disclosure of Confidential Informant is Denied.
Findings stated on the record by the Court.

Defense Motion to Unseal Search Warrant Affidavit is Denied.
Findings stated on the record by the Court.

Defense Motion RE: PC1538.5 is Denied.
Findings stated on the record by the Court.

Defense Motion to Quash and Traverse Search Warrant and to Suppress Evidence is Denied.
Findings stated on the record by the Court.

Pre-Preliminary hearing is continued by stipulation of counsel.

**Hearings**
Pre-Preliminary Hearing set for 4/19/2023 at 8:30 AM in Department R15 - Rancho Cucamonga
Defendant ordered to appear.
Dispo/Reset
TW: 6-20-2023


**Waivers**
Time waived to:  6/20/2023 (4-19-2023 + 60 days)
Waives right to prelim hearing within 10 court days
Waives right to prelim within 60 calendar days under PC859b


**Custody Status**
Case Custody - Bail Bond

**Minute Order printed                    == Minute Order Complete ==



THE DOCUMENT TO WHICH THIS CERTIFICATION
IS ATTACHED CONSISTING OF 2 PAGE(S), IS A
FULL, TRUE AND CORRECT COPY OF THE ORIGINAL
ON FILE AND OF RECORD IN MY OFFICE.

ATTEST · Anabel Z. Romero
Clerk of the Superior Court of the State of California,
In and for the County of San Bernardino.

Date April 19, 2023

By _Ari Gomez_ Deputy
Arin Gomez

77

# Exhibit H

Mark Stephen Smith, Esq.  SBN: 158734
THE COMMUNITY LAW GROUP, LLC.
444 W. Ocean Bl., Ste. 800
Long Beach, CA. 90802
(562) 437-3326 Telephone
(562) 684-4311 Facsimile
thecommunitylawgroup@gmail.com

Respondent, Lisa Fazzino

## THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN BERNARDINO

| | |
|---|---|
| People of the State of California, | ) |
| | ) |
| | ) **Superior Court Case No.: FWV22000685** |
| Plaintiff, | ) |
| | ) **DECLARATION OF MARK STEPHEN** |
| v. | ) **SMITH, ESQ.** |
| | ) |
| | ) |
| LISA FAZZINO | ) |
| | ) |
| Defendant, | ) |
| | ) |
| | ) |
| | ) |
| | ) |

I MARK STEPHEN SMITH DECLARE AS FOLLOWS:

1. That I am the Attorney of record for defendant LISA FAZZINO in the aforementioned case in Department R15 of the San Bernardino Superior Court, Rancho Cucamonga.

2. That on March 22, 2023, a hearing was conducted for the defenses motion to Quash and traverse warrant, to unseal the warrant in whole or in part and to disclose the identity of any confidential informant, before the honorable Richard Peel.

3. The police report indicated that a search warrant was sough of the Defendant's home after an investigation for guns and drugs was conducted. The police report was devoid of what initial

- 1-

observations were made to justify an investigation and what type of investigation was conducted.

4. That the Judge, held a hearing in camera in chambers with the Deputy District Attorney assigned to the case, the Detective and without defense counsel.

5. After the Judge returned to the bench, he indicated that he was denying all motions.

6. He went on to say that although there was an informant, the informant was immaterial.

7. In my motion I said that if an informant is immaterial to the case and is in no danger if known, then disclosure of the informant should not be a problem.

8. I also said on the record that to deny the defense any information about what the nature, extent and source of the initial "investigation" as to the defendant, was depriving the defendant of her 8th Amendment right to confront and cross examine her accuser.

9. On the day of the hearing, I requested a copy of the transcript of the hearing from the court reporter Tricia Chamberlain. On March 28th, 2023. I received an invoice for the transcript. In the invoice, it said that her turnaround time for the transcript is 3 to 4 weeks.

10. The time frame would make it very difficult for me to file a timely Writ. I requested an expedited transcript, but to date I have gotten no response.

11. I was told by the court clerk that Ms. Chamberlain has been on vacation as well for the last week.

I DECLARE UNDER PENALTY AND UNDER THE LAWS OF THE STATE OF CALIFONRIA THAT THE FOREGOING IS TRUE BASED ON MY KNOWLEDGE AND BELIEF.

DATED: April 18, 2023

Mark Stephen Smith, Esq.

DECLARATION OF MARK STEPHEN SMITH, ESQ.

# Exhibit I

| RECEIVED BY JO | **SAN BERNARDINO COUNTY** **CRIME SUMMARY INFORMATION** **PROBABLE CAUSE DECLARATION** | COURT JURISDICTION **SBSUP** BOOKING NO. AND LOCATION 2202341998 |
|---|---|---|

| ARRESTEE (Last, First, Middle) FAZZINO, LISA MARIE | | DOB 10/24/1970 |
|---|---|---|

ADDRESS (Residence)
9546 PALM LN. APT B FONTANA CA 92335

| BOOKING CHARGES PC 29800(A)(1)  HS 11370.1(A)  HS 11378 | SUPPL. HOLDS |
|---|---|

| DATE/TIME OF ARREST 02/23/2022  2058 | 48-HR. EXP. DATE/TIME 02/25/2022  2058 |
|---|---|

| ARRESTING AGENCY FONTANA POLICE DEPARTMENT | ARRESTING OFFICER(S) J. MORALES #1098 |
|---|---|

**FACTS ESTABLISHING ELEMENTS AND IDENTIFICATION OF DEFENDANT:**

FONTANA PD RAPID RESPONSE TEAM OFFICERS HAVE BEEN CONDUCTING AN ONGOING
NARCOTICS AND FIREARMS-RELATED INVESTIGATION ON LISA MARIE FAZZINO (10/24/1970).
LISA WAS A CONVICTED FELON AND PROHIBITED FROM OWNING/POSSESSING FIREARMS.
LISA WAS REPORTEDLY SELLING METHAMPHETAMINE AND IN POSSESSION OF A FIREARM.
LISA'S RESIDENCE WAS IDENTIFIED AT 9546 PALM LN. IN THE CITY OF FONTANA AND A
SEARCH WARRANT WAS AUTHORED. THE SEARCH WARRANT WAS SIGNED/APPROVED BY
HONORABLE JUDGE J. FERGUSON OF THE SAN BERNARDINO COUNTY SUPERIOR COURT.
OFFICERS SERVED THE WARRANT AT LISA'S RESIDENCE AND ENTRY TOOLS WERE USED TO
ENTER THE RESIDENCE. LISA AND ADDITIONAL RESIDENTS WERE FOUND INSIDE THE HOME
AND WERE DETAINED WITHOUT INCIDENT. A SEARCH OF LISA'S RESIDENCE REVEALED
APPROXIMATELY 3.5 POUNDS OF SUSPECTED METHAMPHETAMINE AND A 9MM GLOCK
"GHOST PISTOL" WITH A SEATED MAGAZINE IN THE PISTOL. TWO FUNCTIONAL DIGITAL
SCALES AND A BOX OF ZIPLOCK BAGS/PACKAGING, CONSISTENT WITH SALES OF
NARCOTICS, WERE ALSO LOCATED IN HER BEDROOM. LISA WAS READ HER MIRANDA RIGHTS
AND STATED SHE UNDERSTOOD THE ADMONISHMENT. LISA STATED THAT SHE SOLD
METHAMPHETAMINE TO FEED HER ADDICTION. LISA STATED THAT ALL OF THE NARCOTICS
BELONGED TO HER AND SHE MADE APPROXIMATELY ($100) IN PROFIT A WEEK. LISA
REFUSED TO ADMIT THAT THE FIREARM WAS HERS BUT STATED IT WAS NO ONE ELSES IN
THE RESIDENCE. LISA WAS IDENTIFIED VIA HER CA ID.

☐ SEE ATTACHED REPORTS, INCORPORATED HEREIN BY THIS REFERENCE.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT TO THE BEST OF MY INFORMATION AND BELIEF.

EXECUTED ON ___02/23/2022___ AT SAN BERNARDINO COUNTY, CALIFORNIA, BY___ J. MORALES  ※ 1098___
            Date                                                              Signature

ON THE BASIS OF ☐ THE OFFICER'S DECLARATION AND/OR, ☐ REPORTS REVIEWED, I HEREBY DETERMINE THAT THERE
☐ IS   ☐ IS NOT PROBABLE CAUSE TO BELIEVE ARRESTEE HAS COMMITTED A CRIME.

_____        _____        _____
    Date                      Time                Signature of Judicial Officer



**DA**

## Fontana Police Department

17005 Upland Ave
Fontana, CA 92335
(909) 350-7740

IN CUSTODY

## Confidential Incident Report

**220002918** Supplement No: **ORIG**

Reported Date/Time: 02/23/2022 20:08:14

**22·17674**

### Event

Location
9546 PALM LN , BLOOMINGTON, CA 92335

| | Beat | From Date/Time | To Date/Time |
|---|---|---|---|
| | 3 | 02/23/2022 20:08:14 | |

### Offense(s)

| 1 | COMPLETED | 11370.1(A) HS - POSS CONTROLLED SUBSTANCE WHILE ARMED W/LOADED FIREARM | FELONY |
|---|---|---|---|
| 2 | COMPLETED | 29800(A)(1) PC - FELON/ADDICT/POSSESS/ETC FIREARM | FELONY |
| 3 | COMPLETED | 11378 HS - POSSESS CONTROLLED SUBSTANCE FOR SALE | FELONY |

### Involved

| Involvment | # | Name | DOB | Sex | Race | Ethnicty |
|---|---|---|---|---|---|---|
| SUSPECT | 1 | FAZZINO, LISA MARIE | 10/24/1970 | FEMALE | WHITE | NON-HISPANIC |
| ORG VICTIM | * | SEE CONFIDENTIAL PAGE | | | | |

### Property

| Hold Reason | Article Type | Make | Model |
|---|---|---|---|
| EVIDENCE | SCALE | | |

Description
TWO FUNCTIONAL DIGITAL SCALES                   Color(s)

| Hold Reason | Article Type | Make | Model |
|---|---|---|---|
| EVIDENCE | NARCOTICS BAGGIE | | |

Description
ZIPLOCK SANDWICH BAGS USED TO PACKAGE NARCOTICS          Color(s)

| Hold Reason | Article Type | Make | Model |
|---|---|---|---|
| EVIDENCE | MAIL | | |

Description
MAIL/DOMINION AND CONTROL FOR LISA FAZZINO          Color(s)

| Hold Reason | Article Type | Make | Model |
|---|---|---|---|
| EVIDENCE | MAGAZINE, FIREARMS | | |

Generated By: INFORM RMS SYSTEM ACCOUNT
2/24/2022 4:25:05 PM
1/7

# Fontana Police Department
17005 Upland Ave
Fontana, CA 92335
(909) 350-7740

## Confidential Incident Report
**220002918** Supplement No: **ORIG**

Reported Date/Time: 02/23/2022 20:08:14

| Description | | Color(s) | |
|---|---|---|---|
| TWO 9MM MAGAZINES | | | |

| Hold Reason | Article Type | Make | Model |
|---|---|---|---|
| EVIDENCE | CELL PHONE | | |

| Description | | Color(s) | |
|---|---|---|---|
| MOTOROLLA CELL PHONE BELONING TO LISA | | | |

| Hold Reason | Article Type | Make | Model |
|---|---|---|---|
| SAFEKEEPING | WALLET | | |

| Description | | Color(s) | |
|---|---|---|---|
| MIGUEL CARRILLO JR'S WALLET AND CARDS FOR SAFEKEEPING | | | |

| Hold Reason | Article Type | Make | Model |
|---|---|---|---|
| EVIDENCE | KEY, KEYS | | |

| Description | | Color(s) | |
|---|---|---|---|
| KEY FOR SAFE | | | |

| Hold Reason | Article Type | Make | Model |
|---|---|---|---|
| EVIDENCE | CELL PHONE | | |

| Description | | Color(s) | |
|---|---|---|---|
| BLACK SMART PHONE | | | |

## Gun(s)

| Hold Reason | Caliber | Barrel Length | Type | Gun Action | Finish |
|---|---|---|---|---|---|
| Evidence | 9 | 4.5 | PISTOL | SEMI-AUTOMATIC | GREEN |

| Make | Model | Serial Number | Owner Applied Number |
|---|---|---|---|
| UNKNOWN MANUFACTURER - ZZ | GLOCK 17 | UVD171 | |

| Original Value | Recovered Value | Recovered Date | Description |
|---|---|---|---|
| $#Error | $ | | GREEN AND BLACK POLYMER-80 GHOST GUN |

## Drug(s)

### SEIZED

| Hold Reason | Type | Quantity | Measure | Description |
|---|---|---|---|---|
| Evidence | AMPHETAMINES / METHAMPHETAMINES | 3.50 | POUND | SUSPECTED METHAMPHETAMINE |



## Fontana Police Department
17005 Upland Ave
Fontana, CA 92335
(909) 350-7740

## Confidential Incident Report
**220002918** Supplement No: **ORIG**

Reported Date/Time: 02/23/2022 20:08:14

**Digital**

MORALES, JOSE 1098 | BWC AUDIO (VISUAL LABS), BWC VIDEO (VISUAL LABS), BWC PHOTO (VISUAL LABS)

**Suspect(s) Extended**

**SUSPECT - 1**

| Name FAZZINO, LISA MARIE | | | | | | DOB 10/24/1970 | Age 51 | Juvenile N |
|---|---|---|---|---|---|---|---|---|
| Sex FEMALE | Race WHITE | Ethnicity NON-HISPANIC | | Height 509 | Weight 200 | Hair Color BROWN | | Eye Color GREEN |
| License & State U6074505 CA | SID/CII Number A23339127 | | FBI Number 324237VB2 | | FINGERPRINT ID NUMBER 360563762 CA | | | |
| Home Address 9546 PALM LN B, FONTANA, CA 92335 | | | Cell Phone () - | | Home Phone | | Other Phone | |

Related Offense(s):
11370.1(A) POSS CONTROLLED SUBSTANCE WHILE ARMED W/LOADED FIREARM
11378 POSSESS CONTROLLED SUBSTANCE FOR SALE
29800(A)(1) FELON/ADDICT/POSSESS/ETC FIREARM

**Narrative(s)**

MORALES, JOSE 1098

### Fontana Police Department

### Officer J. Morales P#1098

### 22-2918

### Assignment:

On Thursday, 02-23-2022, I was assigned to the Fontana Police Department's Rapid Response Team (RRT) as W5. The unit's primary area of activity is undercover operations, including surveillance, fugitive apprehension, high frequency contacts, monitoring wanted subjects, PRCS/ AB109, high call volume or high crime areas, and investigations relating to grand theft auto, narcotics, theft, weapons, or gang offenses.

During this contact, I was wearing my police issued tactical vest (black in color with clear white markings of "POLICE" on the front and the back). I was driving an un-marked FPD unit.

### Details:

Officers had been conducting an ongoing narcotics and firearms-related investigation on Lisa Marie Fazzino (10/24/1970). Lisa had an extensive criminal history for narcotics, which included

Generated By: INFORM RMS SYSTEM ACCOUNT
2/24/2022 4:25:05 PM
3/7

**Fontana Police Department**
17005 Upland Ave
Fontana, CA 92335
(909) 350-7740

**Confidential Incident Report**
220002918 Supplement No: **ORIG**
Reported Date/Time: 02/23/2022 20:08:14

sales, and a PC 192(C)(1) - vehicular manslaughter felony conviction (#FSB1503444) in 11/2018. Lisa was a prohibited person from owning/possessing firearms. I authored a search warrant for Lisa's residence (9546 Palm Ln.) in the City of Fontana and it was signed by San Bernardino Superior Court Judge Jon Ferguson.

At approximately 2010 hours, Officers set up surveillance at Lisa's residence. Lisa stayed/lived in a backhouse on the property and access to it was through a key-remote gate, located on the north side of the property. Officers made their way to the rear residence and I observed Lisa through the window with no obstruction. Lisa immediately jumped out of bed as she saw Officers approached her door. Announcements were made at the front door and Lisa, including her elderly father and his elderly girlfriend, refused to open the door. Breaching tools were used to breach the door and Officers detained all occupants without incident.

Lisa, her elderly parents, and two males were ultimately detained. One of the males was her boyfriend, Miguel Carrillo (03/21/1981), and Misael Ramirez (09/27/1993). Miguel and Misael were in the rear yard, outside of the structure when officers made their way into the rear yard. Misael did not live at the location and stated he was homeless and just visiting. I noticed Lisa's pants were completely soaked from the front and there was water on a desk in her bedroom. It appeared that Lisa attempted to destroy suspected methamphetamine that was sitting on top of a desk with water.

**Search:**

A search of Lisa's bedroom revealed the following:

Several large plastic Ziplock bags containing a white crystalline substance that resembled methamphetamine were located in a black safe. Officers did not want to damage the safe and Lisa was asked for the code. Lisa stated the key was on her lanyard and officers retrieved a black key that unlocked the safe. The safe was within a make-shift closet in the bedroom. A Home Wood Suites receipt with Lisa's name and address was also located inside the safe, along with the suspected methamphetamine.

An opened box of (500) count Ziplock plastic bags was located on the ground, just across from the closet. The box contained a functional digital scale with white residue, along with a large amount of unused/new Ziplock sandwich bags. The bags matched a sandwich bag containing suspected methamphetamine. It was evident the box included packaging for purposes of sales of narcotics.

An end-of-bed bench/cabinet was searched and a green/black semi-automatic pistol was located. The pistol had a 10-round magazine seated in the firearm. A 30-round 9mm magazine that fit into the pistol mag-well was also located with it. I conducted a functions test on the firearm and it appeared fully operational.

Bank of America mail with Lisa's full name and address was found in her bedroom. A second functional digital scale and bags with residue of methamphetamine were found on the desk that

Generated By: INFORM RMS SYSTEM ACCOUNT
2/24/2022 4:25:05 PM
4/7

**Fontana Police Department**
17005 Upland Ave
Fontana, CA 92335
(909) 350-7740

**Confidential Incident Report**

**220002918** Supplement No: **ORIG**

Reported Date/Time: 02/23/2022 20:08:14

Lisa spilled water on.

## Arrest/Transportation:

Lisa was arrested for PC 29800(a)(1), HS 11370.1(a), and HS 11378. Lisa was transported to
the FPD jail for booking/processing.

## Miranda Statement:

I read Lisa her Miranda Rights from a FPD Miranda Admonishment form. Lisa stated she
understood her rights and the following is a summary of her statement:

Lisa stated she did not know how much methamphetamine was located in her safe. Lisa told
me that she sold methamphetamine to feed her methamphetamine addiction. Lisa made
approximately ($100) a week on profits from selling methamphetamine. Lisa stated she was
dumb for doing it. Lisa stated that all of the methamphetamine belonged to her and no one else
at the residence. The methamphetamine did not belong to her elderly father, his elderly
girlfriend, or her boyfriend (Miguel Carrillo).

I asked Lisa about the firearm, and she initially stated that it was not hers. Lisa then stated that
she did not know it was there and that it didn't even shoot. Lisa stated the pistol did not belong
to anyone at the residence.

## Evidence:

Lisa's Miranda statement was recorded using department-issued body worn camera and
uploaded into the FPD records system.

There was a total of (6) clear Ziplock plastic bags containing suspected methamphetamine. The
narcotics were packaged separately in different amounts. Each bag was weighed separately,
and the approximate weights were the following (including packaging):

1. (2.47) ounces
2. (2.71) ounces
3. (6.66) ounces
4. (12.98) ounces
5. (15.15) ounces
6. (16.27) ounces

Total weight of suspected methamphetamine was (56.24) ounces, or (3.5) pounds. The
approximate street value for a pound of methamphetamine is anywhere between $4,200 -
$6,300 in U.S. Currency at a wholesale price of ($1,200) or ($1,800) per pound. Low level
dealers will sell an ounce for a median price of ($140), which would total to an amount of
($13,965) at street-level prices.

All of the suspected methamphetamine was processed at the FPD. The substances were not



**Fontana Police Department**
17005 Upland Ave
Fontana, CA 92335
(909) 350-7740

**Confidential Incident Report**

**220002918** Supplement No: **ORIG**

Reported Date/Time: 02/23/2022 20:08:14

tested using a NIK Field test kit due to an outbreak of fentanyl, which has been found to be deadly if ingested/inhaled. An SBSO Request for Analysis was also filled out and attached to the report.

Photographs of the suspected methamphetamine, digital scales, packaging, firearm, magazines, safe-key, and mail were taken and uploaded into the FPD records system.

Lisa's black Motorolla smartphone was booked into evidence at the FPD. A second black smartphone was booked into evidence.

The safe-key, mail, functional digital scales, magazines, and packaging were booked into evidence at the FPD.

The pistol was a green and black semi-automatic pistol with serial no. (UVD171) on the upper/slide of the pistol. A record check of the serial number revealed no record on file.

**Officer Conclusion:**

Based on my training and experience; it was obvious the packaging, functional digital scales, large amounts of suspected methamphetamine in separate packaging were all evident of sales. Subjects who sell narcotics tend to keep their drugs individually packed/stored based on the amount for easy access/sale. In addition, drug dealers tend to have functional digital scales to weigh and package narcotics for selling purposes. In addition, Lisa admitted to selling narcotics under Miranda.

**Considerations:**

Filing of HS 11366 for maintaining a place for unlawfully selling illegal narcotics.

**Disposition:**

Forward case to District Attorney's Office for filing of charges.

| OFFICER | |
|---|---|
| Involvement REPORTING | Officer MORALES, JOSE 1098 |

Generated By: INFORM RMS SYSTEM ACCOUNT
2/24/2022 4:25:05 PM
6/7



## Fontana Police Department
17005 Upland Ave
Fontana, CA 92335
(909) 350-7740

## Confidential Incident Report
**220002918** Supplement No: **ORIG**

Reported Date/Time: 02/23/2022 20:08:14

### Confidential Section
#### DO NOT DISTRIBUTE

**ORG VICTIM (SOCIETY/PUBLIC)**

Name
STATE OF CALIFORNIA

Related Offense(s):

11370.1(A) POSS CONTROLLED SUBSTANCE WHILE ARMED W/LOADED FIREARM

11378 POSSESS CONTROLLED SUBSTANCE FOR SALE

29800(A)(1) FELON/ADDICT/POSSESS/ETC FIREARM



## Fontana Police Department
17005 Upland Ave
Fontana, CA 92335
(909) 350-7740

## Arrest Report

Case #: **220002918**  Report #: **AR22020650**

Booking #: **2202341998**

Arrest Date/Time: 02/23/2022 20:58:00

### Event

| Location | Beat | Arrest Type |
|---|---|---|
| 9546 PALM LN , BLOOMINGTON, CA 92335 | 3 | ON-VIEW ARREST (APPREHENSION WITHOUT A WARRANT OR PREVIOUS INCIDENT REPORT) |

### Offense(s)

| | | | |
|---|---|---|---|
| 1 | COMPLETED | 11370.1(A) HS - POSS CONTROLLED SUBSTANCE WHILE ARMED W/LOADED FIREARM | FELONY |
| 2 | COMPLETED | 29800(A)(1) PC - FELON/ADDICT/POSSESS/ETC FIREARM | FELONY |
| 3 | COMPLETED | 11378 HS - POSSESS CONTROLLED SUBSTANCE FOR SALE | FELONY |

### Arrestee

| Name | | | | | DOB | Age | Juvenile |
|---|---|---|---|---|---|---|---|
| FAZZINO, LISA MARIE | | | | | 10/24/1970 | 51 | N |

| Sex | Race | Ethnicity | Height | Weight | Hair Color | Eye Color |
|---|---|---|---|---|---|---|
| FEMALE | WHITE | NON-HISPANIC | 509 | 200 | BROWN | GREEN |

| License & State | SBI/CII Number | FBI Number | FINGERPRINT ID NUMBER |
|---|---|---|---|
| U6074505 CA | A23339127 | 324237VB2 | 360563762 CA |

| Home Address | Cell Phone | Home Phone | Other Phone |
|---|---|---|---|
| 9546 PALM LN B, FONTANA, CA 92335 | () - | () - | |

### OFFICER

| Involvement | Officer |
|---|---|
| REPORTING | MORALES, JOSE 1098 |

Generated By: INFORM RMS SYSTEM ACCOUNT
2/24/2022 4:29:04 PM
1/1



STATE OF CALIFORNIA
JUS 8715
(Rev. 01/2022)

DEPARTMENT OF JUSTICE
Page _____ of _____

☐ Corrected Copy

## ADULT DISPOSITION OF ARREST AND COURT ACTION

**SUBJECT INFORMATION**

| Name (Last, First, Middle) | DOB (mm/dd/yyyy) | CII Number |
|---|---|---|
| Fazzino, Lisa Marie | 10/24/1970 | A23339127 |

| Social Security Number | Driver's License/ID Number | FBI Number | Height | Sex | Race |
|---|---|---|---|---|---|
| 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 | U6074505 | 324237VB2 | 509 | F | W |

**A. | LAW ENFORCEMENT**

| Arrest/Cite Date (mm/dd/yyyy) | Arresting Agency | Booking Agency |
|---|---|---|
| 02/23/2022 | Fontana Police Department | San Bernardino Sheriff's Office |

| Live Scan Booking Number | Citation Number | Crime Report Number | Remarks |
|---|---|---|---|
| 2202341998 | | 220002916 | |

| | | | | Charge | | In County Warrant Number | Out of County Warrant Number | Release Date | Reason for Release |
|---|---|---|---|---|---|---|---|---|---|
| 1 | | | x | HS 11370.1(a) | | | | | |
| 2 | | | x | PC 29800(a)(1) | | | | | |
| 3 | | | x | HS 11378 | | | | | |
| 4 | | | | | | | | | |

| Type of Event: | ☒ Arrest | ☐ Citation | ☐ Letter/Notice to Appear | ☐ Court Ordered Booking |
|---|---|---|---|---|

**B. | PROSECUTION**

| Date (mm/dd/yyyy) | Reason for Rejection/Referral Codes | | | | | ☐ 1203.2 PC - In Lieu of Filing | Original Court Judicial District Number | Original Court Case Number |
|---|---|---|---|---|---|---|---|---|
| | Chrg 1 | Chrg 2 | Chrg 3 | Chrg 4 | All Chrgs | ☐ Refiled - Original Case Dismissed | | |

**C. | COURT**

| Date Filed (mm/dd/yyyy) | Judicial District Number | File Number | Consolidated File Number |
|---|---|---|---|

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 1 | | | | | | | | | |
| 2 | | | | | | | | | |
| 3 | | | | | | | | | |
| 4 | | | | | | | | | |

**D. | PROCEEDINGS SUSPENDED**

| Date (mm/dd/yyyy) | ☐ Bench Warrant Issued | ☐ 707.2 WI - 90 Day Observation | ☐ 1368-1370 PC - Found Mentally Incompetent - Committed |
|---|---|---|---|
| | ☐ Diversion | ☐ 1203.03 PC - 90 Day Observation | ☐ 3050 WI - Narcotics Commitment |
| | ☐ 1000-1000.5 PC - Drug Crt. Program / DEJ | ☐ DEJ / Other | ☐ 3051 WI - Narcotics Commitment |

**E. | SENTENCE**

| Date (mm/dd/yyyy) | 290.006 Discretionary Reg | | Condition of Probation | | | Other | Remarks |
|---|---|---|---|---|---|---|---|
| | ☐ Tier 1 ☐ Tier 2 | | ☐ Firearms Prohibited -29805(a) PC | ☐ Drug Treatment Program -1210.1 PC (Prop 36) | ☐ 1170(h) PC | | |
| | ☐ Tier 3 | | | | | | |

| | | | | | | | | | | | | | | To be served: |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | | | | | | | | | | | | | | ☐ Concurrently |
| 2 | | | | | | | | | | | | | | ☐ Consecutively |
| 3 | | | | | | | | | | | | | | WCase Number |
| 4 | | | | | | | | | | | | | ☐ Suspended | |

**F. | ADMONISHMENTS & WAIVERS**

| (Required for Conviction) | | (Required for "Guilty" or "Nolo" plea) | Yes | No |
|---|---|---|---|---|
| ☐ Defendant waived counsel | ☐ Defendant represented by counsel | Defendant was advised of and understood: | | |
| | | • Charges and direct consequences of plea | ☐ | ☐ |

**G. | CLERK OF THE COURT'S CERTIFICATION**

| Defendant was advised of, understood, and waived: | | |
|---|---|---|
| I hereby certify that the foregoing is a correct abstract of the record of the court action in this case. | • Privilege against compulsory self incrimination | ☐ | ☐ |

| Legibly Printed or Typed Name | Date (mm/dd/yyyy) | • Right to confront and cross examine witnesses | ☐ | ☐ |
|---|---|---|---|---|
| | | • Right to trial by jury | ☐ | ☐ |

| Title | County | Court found admission was knowledgeable, intelligently made, and voluntary | ☐ | ☐ |
|---|---|---|---|---|
| | | Defense counsel concurrent in defendant's admission | ☐ | ☐ |

COPIES: DOJ - Red; ARREST AGENCY - Blue; COURT - Green





# EXHIBIT J

1

1          SUPERIOR COURT OF THE STATE OF CALIFORNIA

2               COUNTY OF SAN BERNARDINO

3   DEPARTMENT R-15              HONORABLE RICHARD PEEL, JUDGE

4

5   PEOPLE OF THE STATE
    OF CALIFORNIA,                )
                                  )
6                                 )
                    Plaintiff,    )
7                                 )  Case No. FWV22000685
             vs.                  )
8                                 )
    LISA MARIE FAZZINO,           )
9                                 )
                    Defendant.    )
                                  )
10  ─────────────────────────────

11        REPORTER'S TRANSCRIPT OF ORAL PROCEEDINGS

12            WEDNESDAY, MARCH 22, 2023

13

14  APPEARANCES:

15  For the People:              JASON ANDERSON
                                 District Attorney
16                               BY: RACHEL LAN
                                 Deputy District Attorney
17                               Fourth Floor
                                 8303 Haven Avenue
18                               Rancho Cucamonga, CA  91730

19
    For the Defendant:           THE COMMUNITY LAW GROUP, LLC
20                               BY: MARK STEPHEN SMITH
                                 444 W. Ocean Boulevard
21                               Suite 800
                                 Long Beach, CA 90802
22

23  CERTIFIED COPY

24     by Tricia Chamberlain

25

26

27  REPORTED BY:                 TRICIA CHAMBERLAIN, 12911
                                 Official Court Reporter
28

PHOTOCOPYING OF TRANSCRIPT PROHIBITED PURSUANT TO
GOVERNMENT CODE SECTION 69954(d)

2

1    RANCHO CUCAMONGA, CALIFORNIA; WEDNESDAY, MARCH 22, 2023

2                          A.M. SESSION

3    DEPARTMENT R-15                  HONORABLE RICHARD PEEL, JUDGE

4    APPEARANCES:

5                 The Defendant, LISA MARIE FAZZINO,

6            with Counsel, MARK STEPHEN SMITH,

7            Attorney at Law; RACHEL LAN, Deputy

8            District Attorney, representing the

9            People of the State of California.

10           (Tricia Chamberlain, CSR No. 12911.)

11                          * * *

12           THE COURT:  All right.  Let's call the Fazzino

13   case.

14           Appearances.

15           MS. LAN:  Rachel Lan on behalf of the People.

16           MR. SMITH:  Good morning, Your Honor.

17           Mark Stephen Smith on behalf of Ms. Fazzino.  She

18   is present out of custody.

19           THE COURT:  This is Case Number FWV22000685.

20           The matter is on for a dispo reset hearing and

21   also motions, the first of which is a Motion to Disclose a

22   Confidential Informant.  We also have Motions to Quash and

23   Traverse the Search Warrant, Motion to Suppress Evidence

24   related to seizures pursuant to that search warrant.

25           Either side wish to be heard on either of these

26   motions before the Court makes a ruling?

27           MS. LAN:  Your Honor, there's a fourth motion.

28   There's also a Motion to Unseal the probable cause portion

1    of the search warrant.

2              MR. SMITH:  That is correct, Your Honor.

3              THE COURT:  Okay.  I'm going to deny the Motion to

4    Unseal the Affidavit or the sealed portion of the affidavit.

5    I do find that there is good cause for the sealing of that

6    affidavit.

7              The Court is also going to deny the Motion to

8    Disclose the Confidential Informant after reviewing the

9    sealed affidavit.  I do find that there is good cause for

10   the sealing of the affidavit.

11             I further find that the confidential informant is

12   not a material witness to the charges as set forth in the

13   Felony Complaint that occurred on or about February 23rd of

14   2022.  For that reason, the Court believes that the sealing

15   of the affidavit is warranted, that the release or the

16   disclosure of the confidential informant is not required

17   because there is no materiality as to that confidential

18   informant's statements to the officers in support of the

19   affidavit that would be material to the charges filed in the

20   Felony Complaint.

21             MR. SMITH:  My concern, Your Honor, is that if we

22   go forward with preliminary hearing, the officer is going to

23   have to lay some foundation as to how they came across

24   Ms. Fazzino for these particular charges.

25             My client is deprived of the right to confront and

26   cross-examine.  We have no idea what the basis for these

27   charges are.  Without that, we're left with having to just

28   simply deal with what they discovered when they got there.

4

1          THE COURT:  Well, yes, that's what I would say
2    would be the argument.  I don't want to argue the
3    prosecutor's case, but the argument is that the basis for
4    the charges will be the observations that they made upon
5    arrival and service of the warrant on February 23rd.
6          The information received by the reliable informant
7    may have satisfied a probable cause basis for the issuance
8    of the warrant, but it is not material to the observations
9    made by the officers once they arrived on scene on
10   February 23rd.  That's independent observations made by the
11   officers that support the filing of those charges.
12         So that would be the argument in response, I
13   suppose.
14         MR. SMITH:  There would have to be something in
15   the police report that would indicate at the very least,
16   without mentioning the identity of the informant.  And by
17   the way, it hasn't been determined whether it's a CI or a
18   CRI.
19         There has to be something which would indicate why
20   the police officer saw the warrant.  They don't have to
21   necessarily go into the detail as to names and things of
22   that nature, but there would have to be something that would
23   indicate that, for example, based on a buy -- a controlled
24   buy or a buy of any kind observed by a police officer.  The
25   officers saw the warrant.  Or, after detaining somebody who
26   purchased the drugs, they interviewed them, and that person
27   identified Ms. Fazzino as the one who sold it to them.
28         THE COURT:  Well, that would go to your Motion to

5

1   Quash, right?

2           MR. SMITH:  Yeah.

3           THE COURT:  So I've also reviewed the four corners

4   of the search warrant, and I've determined that the

5   magistrate had sufficient cause, and there is set forth in

6   the affidavit sufficient cause to support the issuance of

7   the warrant.  So I will also deny the Motion to Quash the

8   warrant.

9           Anything else we need to address?

10          Motion --

11          MS. LAN:  Motion to Traverse, Your Honor.

12          I don't believe there's been any allegation of

13  type of any misrepresentation, material or otherwise, for

14  the Court to then disregard our traverse said warrant.

15          THE COURT:  Do you wish to address that, Counsel?

16          MR. SMITH:  Well, we were hoping to get some kind

17  of information to be able to determine that.  We were

18  totally in the dark.  So without it, I'd have to submit on

19  that.  But, of course, we object to the denial of the

20  motion.  Ms. Fazzino is severely prejudiced in being able to

21  cross-examine -- confront and cross-examine the basis for

22  obtaining the warrant.

23          What we have are people hopping her fence --

24  officers hopping her fence, breaking down the door, going

25  into the house.  And without observing Ms. Fazzino doing

26  anything, recovering these items.  And then, of course,

27  there's a subsequent conversation between Ms. Fazzino and

28  the officers that wouldn't have happened if it weren't for

PHOTOCOPYING OF TRANSCRIPT PROHIBITED PURSUANT TO
GOVERNMENT CODE SECTION 69954(d)

6

1  them hopping the fence, breaking down the door, and going

2  into her house.

3          So I would think that considering the nature of

4  the charges and the exposure of Ms. Fazzino -- at the very

5  least, she should have some type of basis as to what

6  justified the officers being able to get the warrant.

7          We don't necessarily need details in terms of the

8  identity of the informant.  We just need to know how they

9  came across justifying the warrant.

10          It doesn't take much to testify that they saw a

11  sale take place in which Ms. Fazzino was involved or they

12  saw Ms. Fazzino in possession of firearms or in the process

13  of selling firearms.  Something.  We don't need that kind of

14  detail in terms of who, what, and all that, but we do need

15  that basic stuff.  I can't cross-examine on anything after

16  what happened after the fact.

17          THE COURT:  Well, I think the safeguard for those

18  considerations is the review of the Court in-camera of the

19  sealed portion of the affidavit.  I have reviewed it and

20  determined that there was sufficient cause found by the

21  magistrate to issue the warrant.

22          As with regard to the Motion to Traverse, I don't

23  find there to have been any material omissions, anything

24  that was falsified in the affidavit.  That's based on my

25  review of the affidavit and my questions to the officer with

26  regard to the information he received preparing the

27  affidavit.

28          So the safeguard for determining whether or not

7

1    the warrant was properly and correctly issued is reviewed by

2    this Court, and I've done so.  Having done so, I'll now deny

3    the Motion to Disclose the Confidential Informant, deny the

4    Motion to Quash, and also the Motion to Traverse, and deny

5    the Motion to Unseal the Search Warrant.  I do find it's

6    properly sealed.

7            MR. SMITH:  One more thing, Your Honor.

8            THE COURT:  Does that cover all our motions?

9            MR. SMITH:  Yeah, it does.

10           One more thing.

11           MS. LAN:  Yes.

12           THE COURT:  Yes.

13           MR. SMITH:  If the CI or CRI -- we don't even know

14   which one it was.

15           Was it a CRI or a CI?

16           The foundation wasn't laid to make a CRI or -- or

17   her a CRI, so I'm assuming it is a CI.

18           Assuming that it is, if that person's not

19   material, then that would make it all the more reasonable

20   for the officer to be able to testify what took place prior

21   to the issuance of the warrant.

22           THE COURT:  Ms. Lan, do you wish to address the

23   question as to whether it was a confidential informant or a

24   confident reliable informant at issue here?

25           MS. LAN:  I don't believe that's a distinction for

26   me to make.  The Court has revealed and questioned -- the

27   Court has reviewed the documents, the sealed affidavit, and

28   the Court has questioned the officer, and you've made a

PHOTOCOPYING OF TRANSCRIPT PROHIBITED PURSUANT TO
GOVERNMENT CODE SECTION 69954(d)

8

1   determination.

2           So whether it's a CI or a CRI is not really a

3   distinction in my mind.  And in this case, it's irrelevant

4   if the Court believes and has found sufficient cause to

5   maintain that information under seal.

6           THE COURT:  Yes, I agree with that.

7           The Court did review the affidavit, and whether or

8   not the informant is confidential or confidential reliable,

9   the Court did take that into consideration in determining

10  the validity of the affidavit and whether or not there was

11  supported -- supporting probable cause.

12          I do believe that there was probable cause, and

13  will now, again, deny all of the motions made by the defense

14  and again reiterate that I don't believe that the informant

15  is a material witness, given the nature of the charges as

16  set forth in the Felony Complaint as they do not relate to

17  anything observed by the informant on February 23rd of 2022,

18  which is the offense date.

19          The basis for the filing of the charges is

20  observations made by the officers upon service of the search

21  warrant, and this Court has determined that the search

22  warrant was validly and properly and correctly issued and

23  supported by probable cause as set forth in the affidavit.

24          MR. SMITH:  Now going forward, Your Honor,

25  assuming we have a preliminary hearing --

26          THE COURT:  Yes.

27          MR. SMITH:  -- the only thing I can cross-examine

28  and question are things that happened after the issuance of

9

1    the search warrant?

2          THE COURT:  Well, that's all that would be

3    relevant necessarily, I guess.  We're talking about crimes

4    alleged to have occurred on February 23rd, 2022, as observed

5    by the officers.  I don't think anything else is

6    particularly relevant to whether or not those crimes were

7    committed, which is the question at a preliminary hearing.

8          So I guess the short answer is yes, you're limited

9    to relevancy purposes -- limited to questioning about the

10   observations of the officers and whether or not the elements

11   of these crime have been met.

12         MR. SMITH:  This Court determined that the search

13   warrant affidavit content justified the officers violating

14   the sanctity of my client's home to do what they did?

15         THE COURT:  I've made that determination.

16         MR. SMITH:  Very well.

17         THE COURT:  Yes.

18         MS. LAN:  I believe we need to pick a preliminary

19   hearing date.

20         MR. SMITH:  Yes.

21         THE COURT:  You have a time waiver to April 10th.

22         When shall we do your hearing?

23         MR. SMITH:  May I have one moment?

24         THE COURT:  Yes.

25         MR. SMITH:  Your Honor, could we set this matter

26   for a dispo reset rather than a preliminary hearing in light

27   of the Court's ruling?

28         THE COURT:  Is that okay with the People?

10

1              MS. LAN:  Yes.

2              THE COURT:  Is she willing to waive time?

3              MR. SMITH:  Yes.

4              THE COURT:  Yes.

5              When shall we come back?

6              MR. SMITH:  I have a trial basically for the first

7     two weeks of April.

8              If we could have Wednesday, April 19th?

9              THE COURT:  Is that all right with the People?

10             MS. LAN:  Yes, Your Honor.

11             THE COURT:  Yes.

12             Ms. Fazzino, you have the right to your

13    preliminary hearing within 10 court days and 60 calendar

14    days from the date of your arraignment.  Will you give up

15    those rights and agree to April 19th as your next court date

16    and allow 60 days beyond that date, if necessary, for the

17    hearing?

18             DEFENDANT FIZZANO:  Yes, Your Honor.

19             THE COURT:  All right.  You're back April 19th,

20    8:30, this courtroom.

21             Counsel, I will return this question list to you.

22             Is there anything else we need to address on

23    Fazzino?

24             MR. SMITH:  No.

25             I join in the waiver.

26             THE COURT:  All right.  Thank you.

27             That is the order.

28             Thank you.

11

1        MS. LAN:   Thank you, Your Honor.

2        (Whereupon, proceedings in the above-entitled

3        matter was concluded for the day.)

4                        * * *

5                         * *

6                          *

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PHOTOCOPYING OF TRANSCRIPT PROHIBITED PURSUANT TO GOVERNMENT CODE SECTION 69954(d)

12

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN BERNARDINO

DEPARTMENT R-15                    HONORABLE RICHARD PEEL, JUDGE

| | | |
|---|---|---|
| PEOPLE OF THE STATE OF CALIFORNIA, | ) | |
| Plaintiff, | ) | Case No. FWV22000685 |
| vs. | ) | |
| LISA MARIE FAZZINO, | ) | REPORTER'S |
| | ) | CERTIFICATE |
| Defendant. | ) | |
| STATE OF CALIFORNIA | ) | ss. |
| COUNTY OF SAN BERNARDINO | ) | |

I, TRICIA CHAMBERLAIN, Official Reporter of the

Superior Court of California, County of San Bernardino,

do hereby certify that the foregoing pages, 1 through 11,

to the best of my knowledge and belief, comprise a full,

true, and correct computer-aided transcript of the

proceedings taken in the matter of the above-entitled

held on WEDNESDAY, MARCH 22, 2023.

Dated this 24th day of April, 2023.

_____, C.S.R.
Tricia Chamberlain
Official Reporter, CSR No. 12911

# EXHIBIT K

Court of Appeal, Fourth Appellate District, Division Two
Brandon L. Nelson, Clerk/Executive Officer
Electronically FILED on 5/9/2023 by R. Saucedo, Deputy Clerk

COURT OF APPEAL -- STATE OF CALIFORNIA
FOURTH DISTRICT
DIVISION TWO

## **ORDER**

| | |
|---|---|
| LISA MARIE FAZZINO, | E081140 |
| Petitioner, | |
| v. | (Super.Ct.No. FWV22000685) |
| THE SUPERIOR COURT OF | |
| SAN BERNARDINO COUNTY, | The County of San Bernardino |
| Respondent; | |
| THE PEOPLE, | |
| Real Party in Interest. | |

THE COURT

The petition for writ of mandate is DENIED for lack of an adequate record. *(Sherwood v. Superior Court* (1979) 24 Cal.3d 183, 186-187; Cal. Rules of Court, rule 8.486(b).) Review of the sealed affidavit and sealed transcript of the in camera proceedings is necessary for meaningful appellate review of the warrant. *(People v. Heslington* (2011) 195 Cal.App.4th 947, 956, fn. 6.)

The request for an immediate stay is DENIED.

McKINSTER _____

Acting P. J.

Panel: McKinster
Miller
Ramirez

cc:    See attached list

MAILING LIST FOR CASE: E081140
Lisa Fazzino v. The Superior Court; The People


Superior Court Clerk
San Bernardino County
8303 N. Haven Ave
Rancho Cucamonga, CA 91730


Mark S. Smith
The Community Law Group, LLC
444 W. Ocean Blvd., Suite 800
Long Beach, CA 90802


Office of the State Attorney General
P. 0. Box 85266
San Diego, CA 92186-5266


Office of the D.A.-Appellate Svcs Unit
303 W. Third Street, 5th Floor
San Bernardino, CA 92415-0511

# EXHIBIT L

# Appellate Courts Case Information

## 4th Appellate District Division 2

Change court ⌄

## Docket (Register of Actions)

**Lisa Fazzino v. The Superior Court; The People**

**Case Number E081140**

| Date | Description | Notes |
|------|-------------|-------|
| 04/21/2023 | Filed petition for writ of: | Mandate/Prohibition w/request for stay |
| 04/27/2023 | Returned document for non-conformance. | Petitioner's Supplemental Exhibit J to Petition; Missing pagination and bookmarks. |
| 05/01/2023 | Returned document for non-conformance. | Petitioner's Supplemental Exhibit J to Petition; Missing bookmarks. |
| 05/01/2023 | Exhibits lodged. | Supplemental Exhibits J and K to Petition for Writ of Mandate and/or Prohibition. |
| 05/01/2023 | To court. | Supplemental Exhibits J and K to Petition for Writ of Mandate and/or Prohibition. |
| 05/09/2023 | Order denying petition filed. | and request for immediate stay<br>Panel: McKinster-Miller-Ramirez |
| 05/09/2023 | Case complete. | |
| 05/22/2023 | Returned document for non-conformance. | Petition for Rehearing Denying Writ Review; Lack of jurisdiction, denial of petition is final forthwith. Petitioner may file document with Supreme Court. |

**Click here** to request automatic e-mail notifications about this case.

Careers | Contact Us | Accessibility | Public Access to Records | Terms of Use |       © 2023 Judicial Council of California
Privacy

# EXHIBIT M



## Supreme Court of California

JORGE E. NAVARRETE
CLERK AND EXECUTIVE OFFICER
OF THE SUPREME COURT

CARL WARREN BUILDING
350 McALLISTER STREET
SAN FRANCISCO, CA 94102
(415) 865-7000

June 1, 2023

**SENT VIA EMAIL**

Mark S. Smith
The Community Law Group, LLC
444 West Ocean Boulevard, Suite 800
Long Beach, California 90802

       Re:   **S280230/E081140 — FAZZINO v. S.C. (PEOPLE)**

Dear counsel:

     Your "Petition for Review" received on May 30, 2023, via TrueFiling, regarding the above-referenced matter, cannot be filed.

     The court has considered your application for relief from default to file untimely petition for review. Your application for relief from default has been denied. (Cal. Rules of Court, rule 8.60(d).)

     The court has directed that the petition for review be returned to you, and on this date, we returned your petition via TrueFiling.

                   Very truly yours,

                   JORGE E. NAVARRETE
                      Clerk and
        Executive Officer of the Supreme Court

               *Tayuan Ma*

           By: T. Ma, Deputy Clerk

cc:   Court of Appeal, Fourth Appellate District, Div. 2
       Office of the Attorney General, San Diego Office
Rec.

# EXHIBIT N

# Appellate Courts Case Information

## 4th Appellate District Division 2

Change court ⌄

## Disposition

**Lisa Fazzino v. The Superior Court; The People**
**Case Number E081810**

| Description: | Petition summarily denied by order |
|---|---|
| Date: | 08/16/2023 |
| Disposition Type: | Final |
| Publication Status: | |
| Author: | |
| Participants: | |
| Case Citation: | none |

**Click here** to request automatic e-mail notifications about this case.

Careers  |  Contact Us  |  Accessibility  |  Public Access to Records  |  Terms of Use  |    © 2023 Judicial Council of California
Privacy

COURT OF APPEAL -- STATE OF CALIFORNIA
FOURTH DISTRICT
DIVISION TWO

## ORDER

LISA FAZZINO,
    Petitioner,
    v.
THE SUPERIOR COURT OF
SAN BERNARDINO COUNTY,
    Respondent;
THE PEOPLE,
    Real Party in Interest.

E081810

(Super.Ct.No. FWV22000685)

The County of San Bernardino

THE COURT

    The petition for writ of mandate is DENIED.

McKINSTER
                    Acting P. J.

Panel: McKinster
       Miller
       Ramirez

cc:    See attached list

MAILING LIST FOR CASE: E081810
Lisa Fazzino v. The Superior Court; The People

Superior Court Clerk
San Bernardino County
8303 N. Haven Ave
Rancho Cucamonga, CA 91730

Mark S. Smith
The Community Law Group, LLC
444 W. Ocean Blvd., Suite 800
Long Beach, CA 90802

Office of the State Attorney General
P. O. Box 85266
San Diego, CA 92186-5266

District Attorney
County of San Bernardino
Appellate Services Unit
303 W. Third St. 5th Floor
San Bernardino, CA 92415-0511

# EXHIBIT O

# Appellate Courts Case Information

## Supreme Court

Change court ▾

### Disposition

**FAZZINO v. S.C. (PEOPLE)**
**Division SF**
**Case Number S281586**

Only the following dispositions are displayed below: Orders Denying Petitions, Orders Granting Rehearing and Opinions. Go to the Docket Entries screen for information regarding orders granting review.

**Case Citation:**
**none**

| Date | Description |
|---|---|
| 08/30/2023 | Petition and Stay denied |

**Click here** to request automatic e-mail notifications about this case.