JS-6

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

LISA MARIE HREN FAZZINO,

Petitioner,

v.

SUPERIOR COURT OF THE
STATE OF CALIFORNIA, et al.,

Respondent.

Case No. ED CV 24-7 WLH (MRW)

**ORDER DISMISSING ACTION
WITHOUT PREJUDICE**

The Court summarily dismisses this action without prejudice under the <u>Younger</u> abstention doctrine.

* * *

1.      Petitioner is a pretrial detainee in a San Bernardino county jail.  She is awaiting trial on gun and drug criminal charges.  (Docket # 1 at 9-10.)

2.      In pretrial proceedings, Petitioner's criminal defense lawyer filed several motions for discovery regarding a local search warrant and the use of an informant in the criminal investigation.  The superior court

1  denied the pretrial motions.  (Id. at 10.)  The state appellate and supreme

2  courts subsequently denied relief in various writ and review proceedings.

3  (Id. at 10-11.)

4      3.    Petitioner (through her defense lawyer in the pending state

5  criminal case) then initiated this federal habeas corpus action.  Petitioner

6  contends that this federal court has jurisdiction under 28 U.S.C. § 2251.

7  (Id. at 8.)  Petitioner further contends that the state court pretrial

8  discovery decisions violated her rights under the First, Fourth, Fifth, Sixth,

9  and Fourteenth Amendments of the U.S. Constitution.  (Id. at 7, 12.)

10     4.    Magistrate Judge Wilner preliminarily reviewed the

11  petition.  (Docket # 5.)  Judge Wilner directed Petitioner to explain why

12  this federal court could properly hear her claims in light of Younger

13  preemption concerns.  Petitioner's lawyer submitted a memorandum

14  suggesting, inter alia, that the alleged violation of Petitioner's pretrial

15  discovery rights warrants immediate federal review.[1]  (Docket # 7.)

16                    * * *

17     5.    If it "appears from the application that the applicant or person

18  detained is not entitled" to habeas relief, a court may summarily dismiss a

19  habeas action.  28 U.S.C. § 2243; see also Rule 4 of Rules Governing

20  Section 2254 Cases in United States District Courts (petition may be

21  summarily dismissed if petitioner plainly not entitled to relief)[2]; Local Civil

---

[1]     Judge Wilner also noted Petitioner's use of Section 2251 (primarily applied to halt imposition of the death penalty in state capital cases) as a basis for federal court jurisdiction here.  Petitioner backtracked on the assertion that the capital stay provision provided a meaningful basis for jurisdiction.  Instead, Petitioner now contends that the Court could construe the petition under the more general habeas statute at 28 U.S.C. § 2241.  (Docket # 7 at 2-3.)  Regardless of the jurisdictional provision that Petitioner asserts, the Younger issues discussed below compel dismissal of the action before the Court reaches the merits of any of Petitioner's claims.

[2]     Rule 1(b) of the Rules Governing Section 2254 Cases states that a district court "may apply any or all of these rules to a habeas corpus petition"

Rule 72-3.2 (magistrate judge may submit proposed order for summary dismissal to district judge "if it plainly appears from the face of the petition [ ] that the petitioner is not entitled to relief").

\* \* \*

6.      Federal courts generally abstain from interfering with pending state criminal proceedings until the conviction becomes final following the conclusion of appellate proceedings.  <u>Younger v. Harris</u>, 401 U.S. 37, 45 (1971); <u>Braden v. 30th Judicial Circuit Court of Kentucky</u>, 410 U.S. 484, 489 (1973) (same).

7.      <u>Younger</u> abstention "is appropriate if (1) there are ongoing state judicial proceedings, (2) the proceedings implicate important state interests, and (3) there is adequate opportunity in the state proceedings to raise federal questions."  <u>Dubinka v. Judges of Superior Court</u>, 23 F.3d 218, 223 (9th Cir. 1994); <u>Sheehee v. Baca</u>, 588 F. App'x 716 (9th Cir. 2014) (same).  Additionally, federal courts should abstain when "the requested relief seeks to enjoin or has the practical effect of enjoining the ongoing state judicial proceeding."  <u>Page v. King</u>, 932 F.3d 898, 902 (9th Cir. 2019).  To that end, federal courts recognize that "the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief."  <u>Kelly v. Robinson</u>, 479 U.S. 36, 49 (1986).

8.      There are few exceptions to the <u>Younger</u> rule.  A prisoner may seek pre-conviction habeas relief in federal court by demonstrating "extraordinary circumstances" such as "cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of

_____
beyond those expressly brought under AEDPA / 28 U.S.C. § 2254 (federal review of state court convictions and final judgments).

3

obtaining a valid conviction." <u>Brown v. Ahern</u>, 676 F.3d 899, 903 (9th Cir.

2012).  Additionally, an inmate may demonstrate that she or he faces

"irreparable harm" as a result of the ongoing state proceeding.  <u>Bean v.</u>

<u>Matteucci</u>, 986 F.3d 1128, 1133 (9th Cir. 2021).  Irreparable harm may be

found when a prisoner: (a) raises a "colorable claim of double jeopardy,"

<u>Stanley v. Baca</u>, 555 F. App'x 707, 708 (9th Cir. 2014) (quoting <u>Mannes v.</u>

<u>Gillespie</u>, 967 F.2d 1310, 1312 (9th Cir. 1992)); (b) challenges his continued

detention in a civil sexually violent predator proceeding, <u>Page</u>, 932 F.3d

at 902; or (c) faces "the forcible injection of antipsychotic drugs" following

the conclusion of <u>Sell</u> proceedings in state court.  <u>Bean</u>, 986 F.3d

at 1134-36.

* * *

9.    Petitioner fails to meet these rigorous standards.  Petitioner

has not been tried or convicted yet.  The state therefore has a strong

interest in prosecuting this case without federal court intervention or

delay.  <u>Kelly</u>, 479 U.S. at 49.  Petitioner has not convincingly established

that she lacks the opportunity to raise her constitutional claims in her

ongoing state criminal case or on appeal, as in the normal course of

criminal litigation.[3] <u>Dubinka</u>, 23 F.3d at 224.

10.    Further, her complaints about access to pretrial discovery in an

ordinary gun-and-drug possession case do not suggest that she faces

irreparable harm in any way different than the typical criminal defendant.

Her claim of alleged discovery errors do not approach the significance of

---

[3]    Petitioner contends that she unsuccessfully pursued pretrial appeals
and writs in state court regarding her discovery requests.  That is insufficient to
establish that she has no meaningful remedy.  Merely losing a motion or
interlocutory appeal in state court does not entitle her to federal court review
under, or as an exception to, <u>Younger</u>.  <u>Page</u>, 932 F.3d at 904 (ordinary trial
errors "can be vindicated through reversal of the improperly-obtained conviction"
on appeal).

proven bad faith conduct by local officials, forced medications, or indefinite detention of a sexually violent predator.  <u>Brown</u>, 676 F.3d at 901; <u>Stanley</u>, 555 F. App'x at 708; <u>Page</u>, 932 F.3d at 902; <u>Bean</u>, 986 F.3d at 1134-36.

11.   Accordingly, <u>Younger</u> abstention "requires dismissal of a habeas petition that prematurely" raises allegations of constitutional injury.  <u>Brown</u>, 676 F.3d at 903; <u>Braden</u>, 410 U.S. at 489.

Therefore, the present action is hereby **DISMISSED** without prejudice.

**IT IS SO ORDERED.**

Dated: May 10, 2024                    _____

HON. WESLEY L. HSU
UNITED STATES DISTRICT JUDGE

Presented by:

_____

HON. MICHAEL R. WILNER
UNITED STATES MAGISTRATE JUDGE